(38 South. 248.)

No. 15,393.

SPANN v. HELLEN et al.*

(Feb. 13, 1905.)

DONATION INTER VIVOS—VALIDITY—PAROL EVIDENCE.

1. Where a mother divided all her estate among her three daughters by separate acts of sale reciting the receipt of the price, the transaction will be considered as a partition, binding on the donees until rescinded in a direct action on allegation and proof that the advantages secured to one or more of the coheirs exceeded the disposable portion.

2. Where it is alleged that such a partition was made, coupled with the verbal condition that values were to be equalized after the death of the donor, *held,* that parol evidence is not admissible to prove such alleged condition.

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; Frederick D. King, Judge.

Action by Mrs. Grace Spann against Mrs. Joseph Hellen and others. Judgment for defendants and plaintiff appeals. Affirmed.

William S. Benedict, for appellant. Harry Hinckley Hall, for appellees.

LAND, J. Mrs. Emily P. Arnold, widow of James F. Johnson, departed this life in June, 1900, intestate, and leaving as her heirs at law, her four children, to wit:

---

*Rehearing denied March 27, 1905.

Mrs. Grace Johnson, wife of C. P. Spann.

Mrs. Loretta Johnson, wife of Joseph Hellen.

Mrs. Leota Johnson, wife of Albert R. Sanchez.

Miss Minnie Agnes Johnson, in religion Sister St. Gabrielle.

On June 20, 1900, Minnie Agnes, by authentic act, renounced in favor of her sisters Loretta and Leota all her right, title, and interest in the succession of their mother, giving and granting to them, in conformity with the expressed wishes of her said mother, all and singular her said interest.

In May, 1902, Mrs. Spann instituted the present suit against Mrs. Hellen and Mrs. Sanchez. The petition ignored the fourth sister.

We make the following excerpt from the petition:

"Petitioner represents that their said mother during her lifetime, being desirous of dividing her property between her three children, and with the verbal agreement that each of them should contribute to her support and maintenance during the remaining days of her life, and that each should thereafter equalize the values thereof, made transfers of three certain pieces of real estate, constituting her entire property in the state of Louisiana or elsewhere."

The petition set forth said transfers—one to Mrs. Hellen for $4,000, one to plaintiff for $1,000, and one to Mrs. Sanchez for $3,000, which prices, it is alleged, were nominal, and were not paid. It is further alleged that Mrs. Johnson died intestate, that all her debts had been paid, and that her three children were entitled to share equally and ratably in her estate. Plaintiff further alleged that, the values being unequal, it is necessary that collation should be had to the estate of the donor to the end that the respective interests of each be ascertained. The petition further sets forth that the lot conveyed to plaintiff had been sold at public auction for $1,305, and that she had realized from the sale the net sum of $1,200, which established the amount received by

her from the estate, and it was further represented that the defendants were in possession of the lots conveyed to them respectively.

The prayer is for "judgment equalizing the interests of the three parties, as of the values of the property respectively donated, at such figure as may be found by the court after due hearing, and made the estate of the donor and represented by the parties hereto, and in the event of the nonpayment therefor that said properties be sold as are held by said defendants, to carry into effect said judgment, * * * and for all general relief in the premises."

Mrs. Sanchez filed an exception of no cause of action, which was sustained, but the ruling was reversed by the Court of Appeal, and the cause remanded. Defendants then pleaded the general issue, and the case was tried on its merits. There was judgment in favor of defendants, and plaintiff appealed to the Court of Appeal. The appeal was dismissed for want of jurisdiction in that court, and subsequently an appeal was taken to this court.

On the face of the petition, Mrs. Johnson, in October, 1899, owned three pieces of real estate in the city of New Orleans, which constituted all her property, and she donated in the form of a sale one lot to each of her three daughters, on the verbal conditions that each of them should contribute to her support and maintenance during the remainder of her life, and that thereafter the values should be equalized.

Plaintiff did not testify in the case, but her counsel called Mrs. Hellen as a witness. Mrs. Hellen admitted that she paid no cash consideration for the property, but in response to a question as to what Mrs. Johnson said as to the values of the properties replied as follows:

"Well, she said that she knew they were of unequal value, and that I, getting the most of it, would take care of her during her lifetime."

This conveyance to Mrs. Hellen was made on October 2, 1899, and she testified that thereafter she took care of her mother during her lifetime. She further testified that there was no agreement that values were to be equalized, but the transfers were final and complete. A part of this testimony was elicited by plaintiff's counsel, and none of it was objected to when given. The following document was identified as written by Mrs. Hellen and signed by her mother, viz.:

"June 2nd, 1900.

"I bequeath to my daughter Leota Sanchez, the property No. 1917 St. Charles Avenue. This my last will.

"Mrs. C. P. Spann, my daughter, has received her portion and accepted it as such. Loretta Johnson also received hers.

"[Signed]          Mrs. Emily P. Johnson."

On the same day Mrs. Johnson conveyed the said property by deed of sale to Mrs. Sanchez for the expressed consideration of $3,000, and died shortly afterwards.

The conveyance to plaintiff was made by Mrs. Johnson in December, 1899. The property so conveyed belonged to the former community existing between Mrs. Johnson and her deceased husband. Mrs. Hellen and Mrs. Sanchez joined in this deed.

Plaintiff's suit is based on the alleged parol agreement to equalize the values of the lots donated as of date of the respective conveyances, and on the inference that the lot acquired by plaintiff was less valuable than the other two. The fourth sister was not made a party to the suit, nor was it alleged that she had renounced the succession of her mother.

Plaintiff has not only failed to establish the alleged parol agreement, but the evidence shows that no such condition was attached to the donations, and that Mrs. Hellen alone agreed to and did support the mother during the remainder of her life.

The case presented is one where the mother of four daughters in her lifetime made absolute conveyances of all of her property to three of them, with the consent of the fourth, who was a member of a religious order, and who, after the death of her mother, ratified the division of the property as made.

Considering the transfer as donations inter vivos by the mother, we have the case of a partition made by a parent among her children. The Civil Code provides that such partitions may be avoided when the advantage secured to one of the coheirs exceeds the disposable portion. Civ. Code, art. 1730. The child who objects to such a partition is driven to an action of rescission, and must advance the expenses of having the property estimated. The defendant in such an action may arrest it by offering to the plaintiff the supplement of the portion to which he has a right. Civ. Code, arts. 1731, 1732.

Under the provisions of article 1076 of the Code Napoleon, similar to those of article 1725 of our Civil Code, it is held that such a partition may take place under the simulated form of onerous contracts between the ascendant and his children. See Dalloz, Nouveau Code Civil, vol. 2, p. 820, No. 66.

The allegations of the petition show that the conveyances in question were intended by the mother as a division of all her property among her three children. The petition affirms such partition, but alleges that it was coupled with verbal conditions as to the equalization of the values of the lots transferred. We do not think that parol evidence, which was objected to, was admissible to prove such alleged verbal conditions, nor that such conditions were shown by the evidence adduced, subject to objections, on the trial below.

Our conclusion is that plaintiff's action cannot be maintained, and that her remedy, if any she has, is by action of rescission under articles 1730–1733 of the Civil Code.

The judgment is affirmed for the reasons

herein stated, with reservation of whatever rights plaintiff may have to proceed by action of rescission. Cost of appeal to be paid by plaintiff and appellant.