ROGERS, J.
Edward Conery, Jr., and Mrs. Ellen Conery, wife of William H. Byrnes, *440 sole surviving children of Edward Oonery, Sr., and Mrs. Ann Caffery Conery, his wife, by a notarial act, in the form of a donation inter vivos, dated October 16, 1879, received from their said parents certain parcels of real estate situated in the city of New Orleans.
Mrs. Ellen Conery Byrnes died in 1895. Edward Conery, Sr., died in Í897. Mrs. Ann Cattery, wife of Edward Conery, Sr., preceded her husband to the grave. _
This is,a suit in revendication brought by the children and sole heirs of Mrs. Ellen Conery Byrnes against the present owners of five of the parcels of real. estate transferred to Edward Conery, Jr.; said defendants having acquired their respective properties through mesne conveyances from said transferee.
The suit was dismissed on an exception of no right or cause of action, and from that judgment plaintiffs have appealed. No written reasons for judgment appear to have been given.
Plaintiffs predicate their action upon a partition and collation of all the effects of their maternal grandfather, Edward Conery, Sr., made between themselves and their maternal uncle, Edward Conery, Jr., in pursuance of a judgment of the civil district court for the parish of Orleans. The act of partition and collation, which was duly homologated by a judgment "of said court, established an indebtedness on the part of said Edward Conery, Jr., with the obligation to collate same in favor of plaintffs, of $63,988, with interest at the rate of 5 per cent, per annum from January 11, 1909.
It is shown that Edward Conery, Jr., is wholly insolvent, with no property, real personal, or mixed, which may be discussed.
The notarial act by which Edward Conery, Jr., and his sister, Mrs. Ellen Conery Byrnes, acquired the real estate from their parents declares that the said two children and donees are the “sole surviving issue of the marriage,” and that the said donation inter vivos is made “in consideration of the love and affection” for said children, “as well as for the purpose of establishing them in life.” This act also contains the following declaration on the part of the donees:
“And said Edward Conery, Jr., and Mistress Ellen Byrnes (the latter herein- and hereto assisted and authorized by her said husband, William H. Byrnes) each take special cognizance of the donation herein, and hereby made to the other; and they each accept the donation respectively made to each of them, under the obligation to, at all times, and under all circumstances, sustain the said donations, and maintain the validity thereof; each hereby specially waiving any rights that might ever exist, or hereafter accrue, by reason of the death of their said father and mother, or either, to invalidate, revoke, or reduce the said donations.”
Plaintiffs’ position, briefly stated, is:
First. The defendants, as purchasers or detainers of the donated property, are in no better position than the donee would have occupied had he retained title to the property.
Second. As there is no declaration in the act that the donation was intended as an advantage or extra portion to Edward Conery, Jr., it is subject to collation.
Third. The stipulation by the donees to maintain the validity of the donation constitutes an agreement to waive the right of collation and is therefore null, as being made in violation of the provisions of article 1887 of the Revised Civil Code, prohibiting any stipulation with regard to a succession not yet devolved.
Defendants’ position, also briefly stated, is that the notarial act executed in 1879, in the form of a donation inter vivos, was in truth and in fact a partition, wherein .and whereby Edward Conery, Sr., and his wife made a partition and distribution in kind between their two children of certain real estate, specially designating the parcels, or lot, each child should receive.
*442 Under their first point plaintiffs cite articles 1281 and 1282 of the Revised Civil Code; under their second point they cite articles 1229, 1230, 1231, 1232, and 1233 of said Code, and under their third point they cite article 1887 of said Code.
Defendants rely upon the articles .contained in chapter 7, title 2, book 3, of the Revised Civil Code, particularly articles 1724, 1725, 1729, 1730; also article 1411.
The solution of.the question presented is dependent upon the interpretation to be placed upon the notarial act of October 16, 1879. If the act be considered as a donation, purely and simply, it is subject to all the rules peculiar to acts of that character. If, on the other hand, it be held to be a partition, it must be governed by the laws applicable to partitions.
[1 ] After careful consideration of the question we have reached the conclusion that the act must be held to be a partition. It is evident that it was the intention of the donors in executing it to make a partition, and distribution in kind of their property among their children, and to that end they carefully and particularly designated the parcels which should compose the respective lots of said children. In so doing they were acting under the sanction of article 1724 of the Revised Civil Code, which reads:
.“Fathers and mothers and other ascendants may make a distribution and partition of their property among their children and legitimate descendants, either by designating the quantum of the parts and partitions which they assign to each of them, or in designating the property that shall compose their respective lots.”
These partitions may be made by act inter vivos or by testament. Article 1725, R. C. C.
In Spann v. Hellen, 114 La. 336, 38 South. 248, it was held that where a mother divided her estate among her three daughters by three separate acts of sale the transaction constituted a partition of the estate. At page 340 of the opinion (38 South. 249), the court said:
“Considering the transfer as donations inter vivos by the mother, we have the case of a partition made by a parent among her children. The Civil Code provides that such partitions may be avoided when the advantage secured to one of the coheirs exceeds the disposable portion. Civ. Code, art. 1730.”
To avoid the partition ‘and distribution of property made by parents among their children it must be shown that one or more of the heirs have received more than the others, and that the overplus exceeds the disposable portion. Civil Code, art. 1411.
In the instant ease there is no claim that the partition exceeded, in favor of either child, the disposable portion. Plaintiffs suit is pitched entirely upon the theory that a collation was due to the estate of their mother in order to equalize the shares of the children.
Plaintiffs insist that the act must be construed to be a donation and not to be a partition, because (1) it purports to have been executed for the establishment of the children of the marriage, and (2) property of the marital community is insusceptible of partition until the community has been dissolved.
The notarial act in question must be read as a whole in order to ascertain the true meaning of its several clauses and declarations, and in order to give it the effect intended by the parties.
The act contains the express declaration that the transferees are “the sole surviving issue of the marriage.” This declaration, unnecessary in an ordinary act of donation, is essential to the validity of a partition by parents among their children. The stipulation between the transferees to maintain the validity of the donation to each other indicates the irrevocable nature of the transfer intended, and that it should not constitute a *444 defeasible title such as is inherent in all pure donations until the prescriptive period has run. The declaration of the donors was that the donation was made, “for the purpose of establishing them” (the donees) “in life, and in order to settle irrevocably on each of them respectively the portion that is hereinafter designated,”'etc. This statement likewise shows that it was the intention of the parties to vest the properties in the transferees permanently and irrevocably; not contingently as in the case of a donation.
While it is true the husband as head and master of the marital community is prohibited by law from alienating the property of the community by a gratuitous title, and while it is also true husbands and wives are incapable of contracting with each other, we know of no law which prevents both spouses from gratuitously disposing of the common property; and they are especially authorized so to do in favor of the children of the marriage. Civil Code, chapter 7, title 2, book 3.
On the point that the stipulation between the donees is invalid for the reason that it contains an agreement in regard to a succession which had not yet devolved, we find ourselves unable to agree with the proposition of law advanced by the learned counsel for the plaintiffs.
The properties were transferred by irrevocable title to the Conery children. From the very moment of the execution of the act of transfer they became the absolute owners of their respective parcels of real estate. When the stipulation was entered into the transferees wtere contracting, not with reference to the successions of their parents, but with reference to their individual properties.
Judgment affirmed.
Rehearing refused by Division C, composed of OVERTON, ST. PAUL, and THOMPSON, JJ.