The plaintiff is appealing from a judgment dismissing his suit on an exception of no cause of action. He makes a complete statement of the case in his petition. His mother, Mrs. Anna Ottman Meyer, died, leaving as her heirs three sons, namely, Julius H. Meyer, who is the plaintiff in this suit, Louis L. Meyer, who is the defendant, and Frederick Meyer, who is not a party to the suit. Mrs. Meyer left a will in which she bequeathed to her son Julius certain real estate and household furniture, all appraised at $5,672, and to her son Louis other real estate appraised at $4,462.50, and to her son Frederick other real estate appraised at $2,350. Each legacy was a legacy under a particular title, as it is called in article 1625 of the Civil Code; and the three legacies embraced everything the testatrix owned at her death, except $605.85 in cash. The only other legacy in the will was the following legacy under an universal title:
"I give and bequeath to my son Julius H. Meyer for his loving care and attention to me the disposable portion of my estate as an extra portion." *Page 60 
The testatrix appointed her son Julius executor of her will. He had the succession opened and had an inventory made and approved.
Julius H. Meyer is suing Louis L. Meyer to reduce the latter's legacy so as to allow Julius H. Meyer to receive the disposable portion, or one-third of the net value, of his mother's estate, in addition to the legitime which he inherits as a forced heir. He shows that the total value of the estate is $13,090.35; that the debts amount to $1,390.71; and hence that the net value of the estate is $11,699.64. He shows that the disposable portion, therefore, being one-third of the net value of the estate, is $3,899.88, and that the legitime due to each of the three forced heirs is $2,599.92, being one-third of the remaining $7,799.76 after deducting the disposable portion from the net value of the estate. Hence the plaintiff claims the $3,899.88 disposable portion of the estate as a legatee, and claims his legitime of $2,599.92 as a forced heir, making a total claim of $6,499.80. He avers that, inasmuch as the property bequeathed to him is worth only $5,672, he is entitled to $827.80 more to make up the sum of $6,499.80. He avers that, inasmuch as the property bequeathed to his brother Frederick is worth only $2,350, there is a balance of $249.92 due to Frederick to make up his legitime of $2,599.92; and that, inasmuch as the property bequeathed to Louis L. Meyer is worth $4,462.50, he, Louis L. Meyer, will receive $1,862.58 more than his legitime, unless this suit prevails. The plaintiff contends, therefore, that the alleged shortage of $827.80 claimed by him *Page 61 
should be paid by Louis L. Meyer out of the alleged excess value of $1,862.58 of the legacy bequeathed to him.
The plaintiff bases his suit upon article 1723 of the Civil Code, which provides that if a will contains two clauses which contradict each other the subsequent clause shall prevail over the previous clause, thus:
"When a person has ordered two things, which are contradictory, that which is last written is presumed to be the will of the testator, in which he has persevered, and a derogation to what has before been written to the contrary."
The plaintiff argues that the clause in the will by which his mother gave him the disposable portion of her estate, having been written subsequent to the clauses in which she gave the particular legacies to her three sons, should prevail over those clauses. Inasmuch as the testator had three children the disposable portion of her estate was one-third of its net value. Rev.Civ. Code, arts. 1493, 1505. But the clause by which the testatrix bequeathed to her son Julius the disposable portion of her estate, or one-third of its net value, was not a contradiction of the clauses by which she gave to Julius and his two brothers, respectively, particular legacies exceeding in value two-thirds of the net value of the estate. The reason why there was no such contradiction is that the legacy of the disposable portion of the estate was a legacy under an universal title, and was therefore a residuary legacy, as far as the legacies under particular titles were concerned. Obviously, the testatrix thought when she made the will that she might leave an *Page 62 
estate of sufficient value to leave to her son Julius one-third of the net value of the estate after delivering the three particular legacies to the three sons, respectively. When the testatrix declared that she bequeathed to her son Julius the disposable portion of her estate, she, virtually, declared that she bequeathed to him one-third of the net value of her estate. Such a legacy is defined in article 1612 of the Civil Code, under the title "Of Legacies Under a Universal Title", thus:
"The legacy under a universal title, is that by which a testator bequeaths a certain proportion of the effects of which the law permits his to dispose, as a half, a third, or all his immovables, or all his movables, or a fixed proportion of all his immovables or of all his movables."
An universal legacy is defined in article 1606 of the Civil Code as a testamentary disposition by which the testator disposes of all of the property which he leaves at his death. And the only other kind of legacy in that classification is a legacy under a particular title, defined in article 1625 of the Civil Code by the process of elimination, thus:
"Every legacy, not included in the definition before given of universal legacies and legacies under a universal title, is a legacy under a particular title."
The cause of this dispute is that the testatrix did not leave enough money or other property, in addition to that which she bequeathed to her three sons, respectively, as particular legacies, to make up the legacy under an universal title, of *Page 63 
one-third of the net value of the whole estate. The question therefore is whether the legacy given to the plaintiff under an universal title, of the one-third of the net value of the estate, shall have preference over the particular legacy of the real estate given to the defendant, or vice versa. The answer is found in article 1634 of the Civil Code, viz:
"Particular legacies must be discharged in preference to all others, even though they exhaust the whole succession, or all that remains after the payment of the debts and the contributions for the legitimate portion, in case there are forced heirs."
That article leaves no doubt that the plaintiff has no cause or right of action to compel the defendant to give up a part of his particular legacy in order that the plaintiff may receive in full his legacy under an universal title, the one-third of the net value of the estate, in addition to his legitime.
The plaintiff cites articles 1724 to and including 1733, which compose Chapter 7 of Title II of Book III of the Civil Code, which is the chapter entitled "Of Partitions Made By Parents And Other Ascendants Among Their Descendants". In this chapter it is provided that fathers and mothers and other ascendant relations may divide their property among their children or other descendants, either by a donation inter vivos or by last will, provided the donor or testator shall not give to any one of his heirs more than the disposable portion of the estate. The plaintiff here relies particularly upon article *Page 64 
1730, which, by reason of a fault in the translation from the French text, purports to give to a forced heir the absolute right to "avoid" or annul a partition made by his ancestor among the heirs, if the property given to one of the coheirs exceeds in value the disposable portion of the estate. As translated the article reads thus:
"Partitions, made by ascendants, may be avoided, when the advantage secured by one of the coheirs exceeds the disposable portion."
In the Compiled Edition of the Civil Codes of Louisiana, Vol. 3 of the Louisiana Legal Archives, Part I, p. 951, the compilers say that the word "avoided", in this article, is an erroneous translation and means "objected to". In the corresponding article of the Code of 1825, which is article 1723, the word in the French text is attaqué, which means "attacked". The corresponding article in the Code Civil Français is article 1079, and there also the word is attaqué; and in the translation by Henry Cachard the word is "attacked". In article 1732 of the Revised Civil Code of Louisiana it is provided that the defendant in such a suit may put an end to it "by offering to the plaintiff the supplement of the portion to which he has a right". Which means that the right of action of an heir to whom is given less than his legitimate portion in a partition made by his father or mother or other ascendant relation, among the coheirs, is not an absolute right to annul the partition, for it is subject to the right of the defendant or defendants to put an end to the suit by *Page 65 
contributing an amount sufficient to make up the plaintiff's legitime.
Article 1730 of the Civil Code, however, is not applicable to this case, because the plaintiff here is not suing as a forced heir to protect his legitime. He has received more than his legitime in the value of the property that was bequeathed to him as a legacy under a particular title. What he is claiming now is that all of his legacy under an universal title, all of the one-third of the net value of the whole estate, should be given to him, even though it would take in a part of the particular legacy that was bequeathed to the defendant. The claim is contrary to article 1634 of the Civil Code, which requires that "Particular legacies must be discharged in preference to all others".
The case of Spann v. Hellen, 114 La. 336, 38 So. 248, 250, was not a suit to reduce an excessive donation to the disposable portion; it was, in precise terms, a suit for collation. The suit was brought by one of three daughters against the two other daughters of the deceased donor. The complaint was that the mother had made unequal donations, disguised in the form of cash sales, to her three daughters during her lifetime, by giving to the plaintiff certain property from which she realized $1,200, and to one of the defendants property worth $3,000, and to the other defendant property worth $4,000. This court took the view that the three donations constituted a partition of the property by the mother among her heirs, and that the plaintiff's remedy if any she had was "by *Page 66 
action of rescission under articles 1730-1733 of the Civil Code." Inasmuch as the plaintiff in that case was suing for collation, which was for something more than a reduction of an excessive donation merely to the disposable portion, and inasmuch as the obligation to collate is always presumed in donations inter vivos made by parents to their children, as stated in article 1230 of the Civil Code, we do not understand why the court dismissed the suit of Spann v. Hellen and declared that the plaintiff's remedy, if any she had, was "by action of rescission under articles 1730-1733 of the Civil Code." It is sufficient, however, to say that Spann v. Hellen was unlike this case in that the donations complained of in that case were donations inter vivos; the donation complained of in this case was a donation mortis causa; and the obligation to collate is not applicable to donations mortis causa. Jordan v. Filmore, 167 La. 725, 120 So. 275.
There is no occasion here to decide whether Frederick Meyer has a right of action under articles 1724-1733 of the Civil Code. The value of the property bequeathed to him was stated in the plaintiff's petition merely to show the inequality in the value of the legacies in the will of the testatrix. The plaintiff is not asserting or claiming authority to assert a right of action in behalf of his brother Frederick.
The judgment heretofore rendered by this court, affirming the judgment of the civil district court, maintaining the defendant's exception of no cause or right of action and dismissing the plaintiff's suit, is *Page 67 
reinstated and made the final judgment of the court.
FOURNET, J., concurs in the decree for the reasons assigned in the original opinion.