ROGERS, J.
 

 Plaintiffs, as forced heirs of Mrs. L. S. Bauman, sue for the recovery of an undivided one-half interest in two certain pieces of real estate alleged to have been transferred by simulated deeds to another forced heir, and for the nullity of a mortgage placed upon one of the properties by the transferee. Plaintiffs’ demands were rejected as to one of the properties, but were maintained as to the other, and the mortgage was annulled, in so far as it purports to affect plaintiffs’ interest in said property. Plaintiffs have appealed, and the defendant Mrs. Mary J. Pennywell has answered the appeal.
 

 The said defendant in her answer denied, in effect, the averments of plaintiffs’ peti
 
 *891
 
 tion, and affirmed the validity of the deeds attacked. The sole issue presented under the pleadings, therefore, is whether the controverted instruments are simulations or not.
 

 Mrs. L. S. Bauman died on January 24, 1925. At that time she was approximately 87 years of age. The deeds that are being questioned herein were executed about 2 years prior to her death.
 

 The property in respect of which the court below set aside the so-called act of sale as fictitious is situated in the city of Shreveport. The instrument purports to convey the vendor’s undivided one-half interest in the property to the vendee for the recited consideration of $6,000 cash. The evidence shows that, on the execution of the deed, the vendee delivered to the vendor a check for $6,000, drawn to the order of the vendor on the American Bank & Trust Company, of Shreveport. At that time the vendee had on deposit to her credit in the bank a fund in excess of the amount of her check. Nevertheless, the vendor never received any money on the check. On the same day that the deed of sale was executed, she redelivered the check to her daughter, the vendee. At the time of this redelivery, the name of the payee, Mrs. L. S. Bauman, was written on the back of the cheek. Mrs. Bauman could not write or sign her name; but notwithstanding this, and, as she testified, that she did not know who had written the name of the payee, the drawer of the check received it from her mother, indorsed it herself, and passed it to her individual account in the bank on which it was drawn. After the execution of the deed, the vendor remained in possession of the property and exercised all the rights of ownership over it. This, in itself, created a presumption of simulation. Civ. Code, art. 2480; Cole v. Cole, 39 La. Ann. 878, 2 So. 794.
 

 In these circumstances, we think the plaintiffs have shown, clearly, the simulated character of the transaction attacked. Nor do we find any error in the admission, over defendant’s objection, of the • testimony showing the disposition of the check after it was delivered to the so-called vendor. Civ. Code, art. 2239, as amended by Act No. 5 of 1884, confers upon forced heirs the right to annul absolutely and by parol evidence the simulated contracts of those from whom they inherit without restricting them to their legitime. The redelivery of the check by the vendor to-the vendee, and its deposit in bank to her personal account by the latter, took place contemporaneously with the act of sale; in fact, they were part and parcel of the same transaction. This view of the case disposes of appellee’s contention that the giving by the vendee and the receipt by the vendor of the check was a valid consideration, resulting in a binding sale, and that plaintiffs’ action, if any, was for a rescission of the donation of the check subsequently made.
 

 The other piece of real estate involved in this suit is situated in the rural section of the parish of Caddo. The purported consideration for this sale is $600 cash.. The notary before whom the deed was executed died before the case was tried. The vendee, however, testified the purchase price was actually paid in cash to the vendor-, who retained it; that it was money she had saved and had in her possession from her earnings in the dairy business she had been conducting for many years near the city of Shreveport. She is supported in her statements by her two daughters, who were called as witnesses and declared they were present when the act of sale was signed. The judge a quo accepted this story as correct, and we must do likewise, unless we are willing to brand these' witnesses as deliberate perjurers, which we are not willing to do. There is nothing in
 
 *893
 
 the récord to show that after the sale the vendor retained possession of the tract of land, or exercised any rights of ownership over it. Its delivery, therefore, must be considered as having accompanied the act by Which it was transferred. Civ. Code, art. 2479.
 

 Plaintiffs also contend that the court below committed an error in decreeing that the property should be returned to the succession of the de eujus, to be partitioned in a further proceeding and according to law. They allege in their petition, and strenuously argued before this court on the authority of Civ. Code, art. 1029, that the defendant, having concealed the property from the succession, should be adjudged to have forfeited it, and it should be ordered returned to them as the forced heirs of the decedent.
 

 We fail to see how the judgment of the court below could have been otherwise than as rendered. The action en declaration de simulation having been maintained, the act complained of has no legal existence and can produce no legal effect. The title to the property is in the succession of the decedent, as if she had made no attempt to convey it prior to her death. There was not, and could not have been, any concealment of the property practiced by the defendant. It was well known to plaintiffs and others to have belonged to and to be in the possession of the alleged vendor, and the deeds under attack herein were spread upon the public records for about 2 years before her death.
 

 Appellee, in her answer to the appeal, complains of the action of the court below in declaring the nullity in any respect of the note and mortgage which she executed on January 30, 1925. The obligation was for $12,000, and was incurred, as shown by the testimony, by Mrs. Pennywell, after the death of her mother, in order to furnish collateral security for the payment of an indebtedness of approximately $1,000 due by Mrs. Bauman for legal services rendered her by the firm of attorneys also retained by mortgagor, and for the further protection of their fee on a contingent basis for representing her in the present litigation. Since Mrs. Pennywell was not the absolute owner of the property, it is clear that she could not mortgage it to any greater extent than her rights therein. Civ. Code, arts. 2015, 3300. And the parties for whose benefit the mortgage was given are not protected by the records, because they are not in the category of innocent third persons dealing on the faith thereof, having full knowledge of all the facts. Our conclusion is that the judgment of the court below properly disposed of the issue raised by the parties litigant in regard to the note and mortgage.
 

 For the reasons assigned, the judgment appealed from is affirmed, at the cost of the appellants.