142 So. 123

**SCHALAIDA v. GONZALES.**
No. 31337.

April 25, 1932.
Rehearing Denied May 23, 1932.

Charles J. Boatner, of Franklin, for appellant.

Burke & Smith, of New Iberia, for appellee.

OVERTON, J.

Plaintiff is a forced heir of Dr. Arthur Guilbeau and of his wife, Marie Richard Guilbeau, both deceased. She, together with George Guilbeau and with defendant and the children of two deceased sons, are the children and grandchildren of Dr. and Mrs. Guilbeau.

Dr. Guilbeau owned in the corporate limits of the town of Breaux Bridge a tract of land, containing some twenty arpents, with the improvements thereon, which not only served as a home for his family, but by reason of a pecan grove on it, was revenue producing. Dr. Guilbeau owned various other tracts of land. These he sold for the purpose of paying debts, but they were not sufficient to discharge all of his indebtedness, and therefore he executed on his home place, to secure a liability to the Breaux Bridge Bank, a mortgage for $2,600, falling due in installments through a period of ten years.

The financial condition of Dr. Guilbeau caused him to suffer great mental pain, which eventually was instrumental in causing a blood clot on his brain, resulting in insanity. While suffering from this mental pain, Dr. Guilbeau feared that his family would be deprived of a home and that he would lose what property he had. In the hopes of preserving his home and of shielding it from the pursuit of his creditors, he made a simulated sale of it to one of his daughters, the defendant herein, who since the sale has become the wife of J. B. Gonzales, for the recited consideration of $400 and the assumption of the mortgage in favor of the Breaux Bridge Bank. The act of sale was passed on September 7, 1915, and was recorded in the conveyance records. After the sale, Dr. and Mrs. Guil-

beau continued to reside on the property until their respective deaths, the former dying in 1916, and the latter in 1925, though it is disputed whether the heirs recognized defendant, during this period, or later, as the exclusive owner and possessor of the property.

The mortgage on the property was eventually paid, although it is a matter of dispute as to whether or not it was paid wholly out of funds belonging to the widow and heirs.

Defendant, some years after the property was deeded to her, sought to evict plaintiff from it, and, as a result, this suit followed, the object of which is to have it decreed that the sale to plaintiff by Dr. Guilbeau is a pure simulation and to have plaintiff's right to an undivided one-fifth interest in the property recognized.

The foregoing facts constitute the facts set forth in the material allegations of the petition, this being said with the explanation that, where a fact alleged and stated herein has been wholly or partially denied by the answer, mention has been made of the fact as one disputed.

Simulation being of the very essence of plaintiff's demand, it may be well to quote two articles of defendant's answer, touching the allegation of simulation. They are as follows:

"Art. 5. Respondent admits the allegations contained in article 5 of the petition, to the effect that her father made a simulated sale to her of his home property, for the purpose of shielding it from the pursuit of his creditors, and preserving a home for himself and family; but she denies all the other allegations therein contained.

"Art. 6. Respondent denies all the allegations of article 6 of the petition except the allegation that she was not present when the act of sale was signed by her father, which is admitted, and she avers the truth to be that the act of sale was drawn up by a notary public in Breaux Bridge, at the direction of her father, for the purpose of shielding the property conveyed from the pursuit of his creditors, he being insolvent at the time, and she avers that at no time did her father ever express any of the intentions or wishes regarding said property, as alleged by plaintiff in said article 6 of her petition."

The admission, as to simulation, is repeated in two or more parts of the answer. It is also admitted that plaintiff and the remaining heirs, set forth in the petition, are forced heirs of Dr. and Mrs. Guilbeau. In view of these admissions plaintiff moved for judgment on the face of the pleadings.

■ Plaintiff is entitled to judgment. Article 2239 of the Civil Code, as amended and re-enacted by Act No. 5 of 1884, reads as follows:

"Counter letters can have no effect against creditors, or bona fide purchasers; they are valid as to all others, but forced heirs shall have the same right to annul absolutely and by parol evidence the simulated contracts of those from whom they inherit and shall not be restricted to the legitimate ['legitimate,' it may be said, being a typographical error, the proper word being 'legitime']."

Plaintiff is a forced heir of Dr. and Mrs. Guilbeau. Defendant admits that the transfer to her was a simulation, passed for the purpose of shielding the property ostensibly conveyed from the pursuit of the creditors of her insolvent father. To give effect to the conveyance would operate to defraud plaintiff of her just rights as a forced heir of her father and mother. This, the article quoted makes it plain, should not be done, as also does the jurisprudence. Bauman v. Pennywell, 164 La. 888, 114 So. 723; Westmore v. Harz, 111 La. 305, 312, 35 So. 578.

■ Defendant takes the position, however, that, inasmuch as the property was transferred to her by her father to shield it from the pursuit of his creditors and thereby protect the family home from seizure and sale, not only in defendant's interest, but also in the interest of her coheirs, plaintiff cannot be heard now in her effort to set the transfer aside, inasmuch as she stood by for many years without complaining, and did not attempt to assert her rights until after all the indebtedness of her father had prescribed and the plan to protect the home for the family had become an accomplished plan.

Plaintiff was not a party to the transfer. The transfer was her father's act. She is not estopped by her delay in attacking it. The articles of the Civil Code, relative to forced heirship, and especially article 2239, quoted supra, do not contemplate that a forced heir may be thus estopped. As touching this question, see Westmore v. Harz, 111 La. 305, 312, 35 So. 578; Guilbeau, Tutor, v. Thibodeau, 30 La. Ann. 1099. To recognize an estoppel in these circumstances would make it easy to overcome the effect of the laws governing forced heirship. No particular reason appears why plaintiff should have attacked the conveyance until steps were taken by defendant, as appears from both the petition and the answer, to evict her from the property.

■■ Defendant has pleaded the prescriptions of one, five, and ten years, without making reference to the particular facts or laws under which these prescriptions are pleaded. It suffices, however, to say that an action to annul a simulated sale is not prescriptible, nor is the sale, which is a mere pretense, a basis for the prescription of ten years, acquirendi causa. Guilbeau, Tutor, v. Thibodeau, 30 La. Ann. 1099; Civ. Code, arts. 3478, 3479.

■ In a reconventional demand, defendant has asked for judgment against plaintiff, in the event the sale to her should be set aside, for $1,055, alleged to have been contributed by her towards the discharge of the mortgage on the property in favor of the bank, and for $910 for repairs made by her thereon, which she says enhanced the property to that extent. The trial judge thought that these items should be presented, if presented at all, in an appropriate proceeding to which all the heirs are parties, and therefore dismissed them with this reservation. We find no error in this disposition of the two items, constituting the reconventional demand, and therefore no reason why the trial judge should have retained jurisdiction of that demand.

We have not overlooked defendant's exceptions of vagueness and of no cause of action. We think, however, that neither are well founded. The petition is clear and far from vague. The exception of no cause of action has been, in effect, disposed of, in granting judgment on the face of the pleadings, for, unless a cause of action had been disclosed, no reason would have existed for granting judgment for plaintiff on the face of the pleadings.

As we have virtually indicated, there was judgment below for plaintiff, with the reservation stated as to defendant's reconventional demand.

The judgment is affirmed.