MOISE, Justice.
The plaintiff, the daughter of Rene Joseph Simon, deceased, appeals from a judgment of the trial court dismissing her suit for the recovery of certain real property described in the record and allegedly sold by her father to the defendant, sister of the deceased.
Plaintiff alleges that the transfer of the property is null and void because of a fraudulent conspiracy on the part of the vendor and vendee, made for the purpose of depriving her of her legitime on the death of her father; that there was no consideration paid for the property, and .that the alleged cash consideration of $4,000 was a simulation ; that the vendor (her father) remained in possession of the property and exercised the full right of dominion and ownership thereof during his lifetime; and that her father left certain cash and other property at the time of his death. She prayed for an accounting by the defendant.
Plaintiff also . filed a supplemental and amended petition and therein alleged that she had a judgment recognizing her as the only heir of her father, and that she had been placed in possession of his property as such.
The defendant filed exceptions of no right or cause of action, alleging that plaintiff was not entitled to an accounting and that there was an improper cumulation of demands. The éxception was sustained as to cumulation of actions; Thereafter, defend *545 ant filed an answer setting up that the sale was valid and that there was consideration. She also averred that the deceased left an olographic will in which he left all of his property to her and appointed her testamentary executrix.
Upon the trial of the case on the merits, judgment was rendered dismissing plaintiff’s suit.
The facts of record disclose that the olographic will is dated October 6, 1950. The notarial act of sale, whereby the defendant allegedly purchased the property, is dated October 9, 1950, three days after the date of the olographic will. The consideration in the alleged sale is recited to be “$4,-000.00 cash”, and
“As additional consideration for this sale Rene Joseph Simon, the seller herein, has reserved unto himself the use and usufruct of the hereinabove described property and improvements thereon for the rest of his natural life, and Mrs. Louise Simon, widow of Elphege Poche, accepts said property subject to this usufruct in favor of her brother.”
The deceased and the defendant, sister and brother, resided in one-half of the double house, the deceased exercising full dominion and control over it, by reason of the usufruct reserved in the alleged sale now being attacked. ■ The defendant swore that ;her brother collected the rent for the other half .of the house and always gave the-proceeds to her.
The making of the will in favor of the defendant and the transfer of the property in her name augments with diabolical certainty the fact that the father was using these devices to disinherit his daughter and to deprive her of the legitime reserved for a forced heir.
The reservation of the usufruct and the retaining of possession of the property by a precarious title give reason to presume that the sale was a simulation. Therefore, the’ burden of proof was shifted to this defendant to. establish the reality of the sale and to prove that she was acting in good faith. LSA-C.C. art. 2480, King v. Atkins, 33 La.Ann. 1057; Olivier’s Minor Children v. Olivier, 215 La. 412, 40 So.2d 803; Succession of Combre, 217 La. 955, 47 So.2d 734. See also, Succession of Dupre, 218 La. 907, 51 So.2d 317, and Peyton v. Roth, 149 La. 147, 88 So. 773.
The defendant did not establish the reality of the sale, nor the payment of the price. King v. Atkins, supra; Bates v. Blitz, 205 La. 536, 17 So.2d 816; and Succession of Yeates, 213 La. 541, 35 So.2d 210. There were two witnesses to the act. The defendant had this evidence in her possession but failed to produce the witnesses, who were connected with the Notary who passed the act. She did not call the Notary’s partner who passed the original act whereby the deceased acquired the property three years prior to the sale involved herein. During the argument before us, the question was asked of the de *547 fendant’s attorney, if the case were remanded, would he be able to assure the court that the two witnesses would swear to the payment of the price. The straight forward answer was that he would not.
Under Article 2444, LSA-C.C., a sale such as here involved would be regarded as “a donation in disguise”.
Under Article 1533, LSA-C.C., it is provided that
“The donor is permitted to dispose, for the advantage of any other person, of the enjoyment or usufruct of the immovable property given, but cannot reserve it for himself.”
Articles 1533 and 2444 of the LSA-Civil Code above quoted, when taken in conjunction with the evidence herein, make clear as light the duty of the court.
The cases of Eureka Homestead Society v. Baccich, 190 La. 494, 182 So. 653 and Blackman v. Brown, 155 La. 959, 99 So. 711, cited by defendant are not apposite, because in these cases the burden of proof was borne by the defendants.
For the reasons assigned, the judgment maintaining the exception of improper cumulation of demands and accounting, without having annulled the transfer of the property at the time, was correct.
The judgment dismissing plaintiff’s demand is annulled, avoided and reversed; and the alleged sale made on October 9, 1950 is set aside, the interested party to proceed according to due form of law.
All costs to be paid by defendant.