HOOD, Judge.
This is an action to annul, as being a simulation, a purported sale of immovable property from Aladin Landry, now deceased, to his son August Landry. The act of sale is dated December 12, 1933, and it purports to convey to the defendant, August Landry, a 24-acre tract of land in Iberia Parish, Louisiana. The plaintiffs in this suit are Mrs. Melanie Genaix Landry, who is the mother of the defendant and the surviving widow of the deceased vendor, and all of the surviving brothers and sifters of the defendant. One of the plaintiffs died after judgment was rendered and his heirs have been substituted as parties-plaintiff in his stead.
After trial of the case on its merits, judgment was rendered by the district court in favor of plaintiffs, decreeing the sale to be null and void, and defendant has appealed from that judgment.
The act of sale which plaintiffs seek to set aside is a warranty deed, in authentic form, executed by both the vendor and the vendee. It recites that a consideration of $500.00, in cash, was paid for the property. The deed further contains the following stipulation:
“It is understood and agreed, further, that the vendor herein reserves the usufruct of the property herein conveyed to his wife, Melanie Genaix Landry, during her lifetime.”
At the time this document was executed defendant was 23 years of age, and he was living with his father and mother in a tenant house located on the Patout Plantation in Iberia Parish. Immediately after the purported transfer of title was completed defendant and his father and mother moved on the subject property and they occupied it as their home. Defendant’s father and mother continued to reside there for about 19 years, until the death of Aladin Landry in 1952. Mrs. Landry then left the property and has lived with one of her other children since that time, although she later attempted to return to the subject property and defendant did not permit her to do so. Defendant married in 1934, and since that time he and his wife also have lived on the property, occupying the same residence building as that occupied by defendant’s parents, except for a period of about two years, from 1950 to 1952, when defendant and his wife lived in Jenerette.
Plaintiffs contend primarily that no consideration at all was paid for the property by defendant, and accordingly that the purported sale is null and void as being a fraudulent transaction or a simulation. The defendant contends that at the time the deed was executed the consideration recited in it was paid by him, in cash, from funds which he had accumulated from his earnings and which he had kept “in an old dresser in the house.”
The evidence convinces us, as it did the trial judge, that defendant’s earnings up to that time had not been sufficient to enable him to accumulate that sum of money, and that he did not have the amount which he *708 claims to have paid for the property. The evidence also establishes, we think, that at the time the act of sale was executed defendant’s father, Aladin Landry, was heavily indebted, considering his earning capacity and assets, and that this indebtedness was secured by chattel mortgages affecting all of his farm equipment and mules. During the fall of the year 1933, he learned that he would be unable to obtain the financial backing which he needed to enable him to conduct farming operations during the following year, and it became apparent to him that he would be unable to pay his debts. For that reason he decided to transfer title to the 24-acre tract of land involved in this suit to his son, August Landry, in order to place it beyond the reach of his creditors. The deed which is being attacked here was executed solely for that purpose and no consideration was paid for the property.
Defendant did not produce a receipt or any evidence, other than his own testimony, tending to show that the purchase price recited in the deed was actually paid. The evidence also fails to show that the vendor, Aladin Landry, received any such payment at or about that time, because shortly thereafter suit was instituted against him for the debts which he had previously incurred and his farming implements and mules were surrendered to his creditors to apply on his debts.
In an action attacking an authentic act as being a simulation, the burden of proof rests primarily upon the party making the attack to establish the facts upon which the alleged invalidity is based. If one alleging a simulation, however, produces evidence of circumstances which creates highly reasonable doubts or suspicions as to the honesty of the transaction, a prima facie case is considered as having been made out and the burden of proof is shifted to the party relying on the validity of that transaction to show that a valid sale existed. Burch v. Nichols, La.App. 3 Cir., 126 So.2d 713; and Broussard v. Broussard, La.App. 3 Cir., 132 So.2d 85.
The evidence in the instant suit, we think, creates highly reasonable doubts or suspicions as to the honesty or validity of the sale which is being attacked here, and we think plaintiff has made out at least a prima facie case of simulation. Some of the circumstances which we think make out a prima facie case of simulation are the fact that the transaction was between close relatives, that the vendor specifically reserved the usufruct of the property to his wife during her lifetime, that the vendor and his wife continued to live on the property for about 19 years after the purported sale and until the death of the vendor, that the consideration is alleged to have been paid in currency but there is no receipt or other satisfactory evidence to corroborate defendant’s testimony that such payment was made, that there has been no showing that the vendor received a substantial sum of money about that time, and that the evidence fails to show that defendant could have accumulated an amount sufficient to pay the recited consideration. In our opinion, since a prima facie case of simulation was made out by plaintiffs, the burden of proof shifted to defendant and defendant has failed to establish that the sale was valid. See LSA-C.C. Article 2480; Camus v. Camus, La.App.Orl., 91 So.2d 120; Stipe v. Simon, 223 La. 542, 66 So.2d 330; Raines v. Lyons, La.App. 1 Cir., 6 So.2d 364; Olivier’s Minor Children v. Olivier, 215 La. 412, 40 So.2d 803.
We think the trial court correctly held that no consideration was paid for this property by defendant, and accordingly that the sale was null and void as being a simulation.
Counsel for defendant argues, however, that plaintiff, Mrs. Melanie Genaix Landry, is estopped from claiming ownership of a one-half interest in the subject property, because he contends that she pre *709 viously made a judicial admission that the sale to defendant was valid. The evidence shows that on March 24, 1955, Mrs. Landry-instituted a suit against the defendant, August Landry, in the Sixteenth Judicial District Court in and for Iberia Parish, Louisiana, demanding that she he recognized as the true and lawful owner of the “usufruct” of the 24-acre tract of land here in dispute. In the petition filed in that suit, Mrs. Landry alleged:
“That petitioner acquired and became the owner of the usufruct of said property in the following manner to-wit: in act from Aladin Landry to August Landry executed on December 12, 1933 and recorded on the same date in conveyance book number 122 at page 7 under entry number 49367; a certified copy of which act is attached hereto and made a part hereof; that said act contains the following stipulations:
“ ‘It is understood and agreed, further, that the vendor herein reserves the usufruct of the property herein conveyed unto his wife, Melanie Genaix Landry, during her lifetime”
The defendant filed an exception of no right and no cause of action in that suit, and thereafter no further steps were taken by plaintiff toward the prosecution of the suit. Defendant contends that the above quoted allegation constitutes a judicial admission on the part of Mrs. Landry that the sale was valid.
In our opinion there is no merit to defendant’s plea of estoppel, even if the allegations in the earlier suit are considered to be inconsistent with those contained in this action. The jurisprudence has been established to the effect that a litigant is not estopped from contradicting his sworn allegations in another judicial proceeding, where there is nothing to show that his adversary was misled or damaged by reason of the averment. De Maupassant v. Clayton, 214 La. 812, 38 So.2d 791 (and cases cited therein); Winsberg v. Winsberg, 233 La. 67, 96 So.2d 44. In the instant suit there is nothing in the evidence to indicate that the defendant was misled to his prejudice or was damaged by reason of the allegations contained in the petition filed by Mrs. Landry in the 1955 suit.
Defendant further contends that plaintiffs are estopped from claiming ownership of the subject property because of their laches in not having filed suit at an earlier date. In support of that argument it is pointed out that although the vendor, Aladin Landry, lived 19 years after the act of sale was executed, he made no attempt during that time to have the property reconveyed to him, and that defendant has executed oil, gas and mineral leases affecting the subject property on three occasions since 1933 without protest from hi's father or from plaintiffs.
Plaintiffs in this case, however, as the surviving widow and heirs of the vendor, Aladin Landry, had no right to maintain an action to void the sale until after the death of the vendor, which occurred in 1952. For the purpose of the relief sought here, plaintiffs do not occupy the position of their ancestor (or spouse), since it is his alleged illegal acts, to the prejudice of the rights conferred upon plaintiffs by law, that they call in question. The plea of estoppel which might under some circumstances have been good as against him or anyone claiming under him, therefore, has no application to plaintiffs here. Jones v. Jones, 119 La. 677, 44 So. 429. The instant suit was filed on November 18, 1958, or approximately six years after the death of the vendor, and we think such a delay was not sufficient to support defendant’s plea of estoppel based on laches, particularly since defendant has not been misled or damaged because of the delay. Schalaida v. Gonzales, 174 La. 907, 142 So. 123; and Byrd v. Byrd, 230 La. 260, 88 So.2d 214.
For the reasons herein assigned, the judgment of the district court is affirmed *710 All costs of this appeal are assessed to defendant-appellant.
Affirmed.