SAMUEL, Judge.
Adolph Clark departed this life at his domicile in the Parish of Plaquemines on July 24, 1955 and his widow, Mary Ann Goodman, died at her domicile in the same parish on May 21, 1958. Both died intestate. Of their marriage to each other four children were born, all of whom were living at the time of their father’s death. One, Adolph Clark, Jr., died two years later. Upon the death of Mrs. Clark three children and the descendants of Adolph, Jr. remained as the sole and only heirs. Alfred Clark, one of the three surviving children of the decedents herein, was appointed administrator of their successions.
On March 3, 1959 Eugene L. Clark, appearing individually and in his capacity as administrator of the Succession of Adolph Clark, Jr., filed a petition in these succession proceedings seeking to annul and set aside an act of sale by Adolph Clark, Jr. to Adolph Clark of certain immovable property, located in the Parish of Plaquemines and described in the petition, and to have that property decreed to belong solely to the Sue- *39 cession of Adolph. Clark, Jr. The petition alleges:
Adolph Clark, Jr., who was one of the four children of Mary Ann Goodman and Adolph Clark, died intestate on January 7, 1957, leaving as his sole and only heirs two children, petitioner and another son. He, Adolph Clark, Jr., purchased the property in question on March 18, 1912 for the sum of $200.00. On July 1, 1930, by an authentic act, he “purportedly” sold the property to his father, Adolph Clark, for the price and sum of $25.00. This “purported” act of sale “ * * * was a false, unreal and simulated sale; * * * ” and in truth and fact was “ * * * an attempted donation in disguise in fraud of the rights * * * ” of the two children of Adolph Clark, Jr. None of the recited purchase price was paid by Adolph Clark nor did he give any consideration whatsoever for the transfer of the property.
Alternatively the petition alleges that, if it should be found that Adolph Clark did in fact give any consideration for the property, at the time of the transfer the property was worth not less than $20,000.00 and the price or consideration paid was less than one-fourth of the real value thereof.
Alfred Clark, individually and as administrator, the two other surviving children of Mary Ann Goodman and Adolph Clark, and the other child of Adolph Clark, Jr. were made defendants. All of the defendants except Newton G. Clark, the son of Adolph Clark, Jr., filed exceptions of prescription of 4, 10 and 30 years. The trial court sustained the prescription of 4 and 10 years and dismissed the petition of Eugene L. Clark. Eugene L. Clark has appealed. In this court appellees have filed an exception of no cause of action and urge both exceptions, prescription and no cause of action. However, they no longer contend that the 30 year prescription is applicable.
We cannot subscribe to the trial court judgment which maintains the exceptions of 4 and 10 year prescription and dismisses the petition.
The 4 year prescription referred' to is that under LSA-C.C. Art. 2595, which provides that actions for rescission of sales on account of lesion beyond moiety must be commenced within 4 years, computed, with respect to majors, from the date of the sale. An action for rescission for lesion beyond moiety is prescribed in the instant case. But that fact cannot result in or contribute to the dismissal of the action. The petition does not attempt to rescind for lesion beyond moiety. It seeks annulment of the sale because of simulation and alternatively upon other grounds which we will discuss later.
 The 10 year prescription urged is based on LSA-C.C. Art. 2221, which provides that the action of nullity or of rescission of an agreement may be brought within 10 years in all cases in which it is not limited to a shorter period by a particular law. Aside from the question of whether or not an action against the vendee to annul, a simulated sale is prescriptable (see Schalaida v. Gonzales, 174 La. 907, 142 So. 123; Guilbeau v. Thibodeau, 30 La.Ann. 1099), the simple answer to the argument that the action in the instant case is barred by the prescription under Art. 2221 is that such prescription, even if applicable, did not run the required 10 years. It is clear that prescription cannot run against a cause of action which has not accrued or while that cause of action cannot be exercised. Hogh v. Baloga, La.App., 180 So. 215; see Saltalamacchia v. Strachan Shipping Corp., La. App., 156 So.2d 291; Guderian v. Sterling Sugar & Ry. Co., 151 La. 59, 91 So. 546; South Arkansas Lumber Co. v. Tremont Lumber Co., 146 La. 61, 83 So. 378; Cox v. Von Ahlefeldt, 50 La.Ann. 1266, 23 So. 959. Here the petitioner did not have a cause of action while his father was alive and the latter’s death occurred less than 3 years prior to the time the petition was filed.
The exception of no cause of action is well founded insofar as it applies to the alternative allegations of the petition. Those alternative allegations, that the price *40 paid was less than one-fourth of the real value of the property, have reference to LSA-C.C. Art. 2444 which provides that •sales of immovable property made by parents to their children may be attacked by forced heirs as containing a donation in ■disguise if no price has been paid or if the price was below one-fourth of the real value ■of the immovable sold. The article specifically refers to sales made by parents to their children, mentions no other, and applies only to such sales. See Dare v. Myrick, 226 La. 732, 737, 77 So.2d 21, 23. It has no application to the instant case which involves a sale by a child to his parent and cannot he so extended.
The exception of no cause of action as it applies to the allegations relative to simulation presents a more difficult problem. Appellant relies upon LSA-C.C. Art. 2239 which reads as follows:
“Counter letters can have no effect against creditors or bona fide purchasers; they are valid as to all others; but forced heirs shall have the same right to annul absolutely and by parol evidence the simulated contracts of those from whom they inherit, and shall not be restricted to the legitimate [legi-time] .”
Prior to 1884 Article 2239 provided: “Counter letters can have no effect against creditors or bona fide purchasers; they are valid as to all others.” Act 5 of 1884 changed the period after the word “others” to a semicolon and added the following clause “ * * * ; but forced heirs shall have the same right to annul absolutely and by parol evidence the simulated contracts of those from whom they inherit, and shall not be restricted to the legitimate [legi-time].”
There is considerable doubt as to the purpose and effect of the clause added by Act 5 of 1884. See 29 Tul.L.Rev. 22. But we are satisfied as to a limitation of that purpose and effect. Article 2239, which appears in the Code under a chapter entitled “OF THE PROOF OF OBLIGATIONS AND OF THAT OF PAYMENT” and under a section and subsection entitled, respectively, “OF THE LITERAL PROOF” and “OF AUTHENTIC ACTS”, does not establish a property right; it establishes only a rule of evidence. It does not change the obligation of forced heirs in respect to the burden which they bear regarding presumptions and proof, nor does it enlarge the right of a forced heir to the legitime or decrease the disposable portion of those from whom forced heirs inherit. It does extend to forced heirs the right to use parol evidence in annulling the simulated contracts of those from whom they inherit and in that use the forced heirs are not restricted to the legitime even in cases, as for example collation, where the question of exceeding the legitime is not involved. See Byrd v. Pierce, 124 La. 429, 445, 50 So. 452, 457; Wells v. Goss, 110 La. 347, 357, 34 So. 470, 474; Reinerth v. Rhody, 52 La.Ann. 2029, 2035, 28 So. 277, 279.
Under the provisions of the pertinent Civil Code Articles, particularly LSA -C.C. Arts. 1493 et seq., other than the donation omnium bonorum (Art. 1497), a person may dispose of his property by donation inter vivos or mortis causa in any manner he sees fit provided only that he does not thereby exceed the disposable portion and thus impinge upon the legitime reserved to his forced heirs. Under Art. 1502 if the donation does exceed the quantum of which he may legally dispose to the prejudice of his forced heirs, the donation is not null but only reducible to that quantum. Where the act of transfer recites a consideration even though there is none, the act may be considered as, and given the effect of, a valid gratuitous donation if the transferor had the right to make the donation, i. e., if the same does not impinge upon the legi-time. Reinerth v. Rhody, supra.
Therefore, in the instant case petitioner has the right to annul or reduce the transfer of which he complains only if such transfer exceeds the disposable portion *41 and thus impinges upon the legitime. Within this restricted area we are of the opinion that the petition states a cause of action by alleging that the act of sale complained of was an attempted donation “ * * * in fraud of the rights * * * ” of the two children, the two forced heirs, of Adolph Clark, Jr. The exception of no cause of action is therefore overruled.
For the reasons assigned, the judgment appealed from is reversed, the exceptions of prescription of 10 years and of no cause of action are overruled, and the matter is remanded to the Twenty-Fifth Judicial District Court for the Parish of Plaquemines for further proceedings consistent with the views herein expressed and according to law, all costs to await a final determination.
Reversed and remanded.