HALL, Judge.
This appeal is from a judgment of the district court sustaining defendant’s plea of prescription based on LSA-Civil Code Art. 340 and dismissing plaintiff’s suit. We reverse the judgment of the district court and remand the case for further proceedings.
This suit to set aside certain transfers of immovable property was filed in 1972 by plaintiff, Robert A. Johnson, Jr. against Evelyn Elston Johnson. Defendant filed a peremptory exception of prescription pleading prescription of four years and ten years. Plaintiff subsequently filed a supplemental and amending petition with additional allegations relating to the alleged illegality of the purported transfers and naming Joseph H. Elston as an additional defendant.
The petition as amended alleges plaintiff was born January 13, 1946, and is the only child of Robert A. Johnson and defendant, Evelyn Elston Johnson. Prior to the marriage of his mother and father, plaintiff’s father acquired an undivided one-half interest in certain immovable property in Bossier Parish. Plaintiff’s father was killed June 12, 1945, during World War II, prior to plaintiff’s birth. On March 26, 1946, after plaintiff’s birth, Evelyn Elston Johnson was appointed tutrix of plaintiff. In December, 1946, pursuant to the petition of the tutrix, judgment was rendered ordering the sale of the minor’s one-half interest in the property to Joseph H. Elston, brother of the tutrix, for a price of $4,000. On December 23, 1946, the tutrix executed a cash sale deed purporting to sell the minor’s one-half interest in the property to Elston for a recited consideration of $4,000 cash.
Thé petition further alleges that on April 5, 195-1, a cash sale deed was executed by Joseph H. Elston conveying the one-half interest in the same property to Evelyn Elston Johnson for a recited consideration of $4,000 cash.
It is further alleged plaintiff first learned of the purported transfers on February 24, 1972. It is also alleged that each purported transfer (a) was not for the recited consideration; (b) was for no consideration at all; (c) was the result of a plan the purpose of which was to place the *436 property in Evelyn Elston Johnson’s name in defeat of plaintiff’s rights to the property; and (d) was made without the intention that Joseph H. Elston exercise any powers or rights or assume any obligations relating to the property.
Plaintiff further alleged each purported transfer was made without intent to transfer title and was a simulation and, alternatively, was null, void and of no effect. Plaintiff prays for judgment setting the transfers aside and adjudging plaintiff to be the true and lawful owner of the property in question.
After hearing, the district court sustained defendant’s exception of four years prescription on the basis of LSA-Civil Code Art. 340.
Article 340 provides:
“The action of the minor against his tutor, respecting the acts of the tutorship, is prescribed by four years, to begin from the day of his majority.”
On appeal plaintiff urges Article 340 is inapplicable as this is not a suit against the tutrix, as such, seeking an accounting or a money judgment for mismanagement or the like. The suit is one to annul and set aside, two purported acts of sale on the basis of simulation and allegations which amount to fraud. Plaintiff’s position is well taken.
The prescription provided by Article 340 (formerly Article 362, renumbered by Act 496 of 1966) applies. to actions brought by the minor or former minor against his tutor or former tutor to enforce obligations or debts or liabilities owed by the tutor to the minor respecting the acts of the tutorship or arising out of the administration by the tutor of the minor’s estate during the course of the tutorship. The present suit is not such an action. It is not brought against the defendant in her capacity as tutrix or former tu-trix.
The present suit is an action to set aside sales on the basis of simulation or fraud, and to recover property allegedly belonging to the plaintiff. Evelyn Elston Johnson is named defendant not because she was tu-trix of the plaintiff, but because she is the present record owner or the one claiming ownership of the property adverse to plaintiff. The nature of the action and the posture of the parties can be illustrated by assuming that Joseph H. Elston had not executed the deed to Evelyn E. Johnson in which case this action would be brought against Elston and Evelyn E. Johnson would not necessarily be a party to the suit at all.
This is not an action by the minor against the tutrix, as such, respecting acts of the tutorship. It is a revendicatory action to secure the return of immovable property belonging to the former minor. Plaintiff’s claim (ownership of the property) does not arise out of or from an act of the tutrix. His claim arises out of his original ownership of the property, of which ownership he has never been legally divested according to the allegations of the petition.
Even if this be regarded as a suit against the tutrix as such, Article 340 does not bar an action by the former minor to recover specific, identifiable property belonging to the minor, but in the hands of the tutor. We find no Louisiana cases in point on this issue, but the French authorities support this holding. Weinmann, Extension of a Minor’s Rights Beyond Majority: Article 362 of the Louisiana Civil Code of 1870, 28 Tul.L.Rev. 118 (1953), states:
“The revendicatory action to secure the return of movable or immovable property of the ward which is retained by the tutor may also be considered to be actionable without an investigation of the tutor’s acts in his capacity as tutor *437 and therefore free from the prescription of the minor’s action.[24]
Defendant cites M & F Gayoso De Lemos v. Garcia, 1 Mart., N.S., 324 (1823); Commagere v. Gaily, 6 La. 161 (1834); Succession of Kidd, 51 La.Ann. 1157, 26 So. 74 (1879), and Melancon v. Melancon, 244 So.2d 905 (La.App. 1st Cir. 1971). None of these cases are applicable to the issue presented here or lend support to defendant’s position.
In both Gayoso and Commagere the court held the four year prescription article inapplicable in suits by a former minor to set aside sales of immovable property made during his minority to third persons. The decisions in those cases were based primarily on the fact that in neither case were the sales made pursuant to the formalities required by law and, therefore, did not involve acts respecting the tutorship. Defendant would draw an implication from these decisions that if the formalities had been complied with, four year prescription would 'have been applied. Such an interpretation of these decisions would at best be implied dicta and is not warranted.
Succession of Kidd and Melancon were both suits by former minors against their former tutors to recover the value of movable property allegedly converted or mismanaged by the tutors. Four year prescription was held to apply and to bar such actions, which were wholly dissimilar to the action now before the court. In Melancon, the court was careful to note that there was no complaint of illegal or unauthorized disposition of immovable property. The court pointed out that plaintiff’s action was one seeking recovery of a sum of money representing the value of expended cash and deteriorated movables and was not an action in revendication seeking recovery of specific and identifiable property retained by or in the possession of another party. The court stated it was unnecessary to decide whether an action in revendication is barred by four year prescription.
There is an additional reason why Article 340 is inapplicable to this case. Plaintiff seeks to annul and set aside the sales and to recover ownership and possession of the property on the basis the purported sales were simulations and on the basis of allegations tantamount to fraud. It is generally held that simulations and fraudulent transactions are absolute nullities and that actions based thereon are im-prescriptible. Successions of Webre, 247 La. 461, 172 So.2d 285 (1965); Schalaida v. Gonzales, 174 La. 907, 142 So. 123 (1932); Smelley v. Ricks, 174 La. 734, 141 So. 445 (1932); Houghton v. Houghton, 165 La. 1019, 116 So. 493 (1928); Guilbeau v. Thibodeau, 30 La.Ann. 1099 (1878); Kinney v. Kinney, 150 So.2d 671 (La.App. 3d Cir. 1963).
Our specific holding is that Article 340 is inapplicable to this action by a former minor against his former tutrix to set aside a sale of immovable property by the tutrix and a sale back to the tutrix individually and to be restored to the ownership and possession of such property, based on allegations of simulation and fraud. Consequently, defendant’s exception of prescription based on Article 340 should be overruled.
After suit was filed and prior to the hearing of the exception of prescription, plaintiff took defendant’s deposition upon oral examination. During the course of the examination defendant on advice of counsel refused to answer certain questions. Plaintiff filed a motion for expenses, attorney.’s fees and other relief pursuant to LSA-Code of Civil Procedure Art. 1454. This motion was heard at the same time as the exception of prescription but it appears the district court did not rule specifically on the motion in view of his action sustaining the plea of prescription and dismissing plaintiff’s suit. Both appellant *438 and appellee have briefed and argued the merits of this motion on appeal, but because it has not been ruled on by the district court and because the case is being remanded for further proceedings, this matter should be considered and determined by the district court without appellate intervention at this point.
For the reasons assigned, the judgment of the district court is reversed, defendant’s peremptory exception of prescription is overruled, and this suit is remanded to the district court for further proceedings in accordance with law and consistent with the views expressed in this opinion.
The costs of appeal are assessed to defendant-appellee.
Reversed and remanded.

“24 Aubry et Rau op. cit. supra note 12, at n° 121, p. 729; Baudry-Lacantinerie, op. cit. supra note 6, at n° 646, p. 642; Colin et Capitant op. cit. supra note 4; Demolombe, op. cit. supra note 3, at n° 174, p. 147; Planiol ét Ripert, op. cit. supra note 4.”