427 So.2d 1320 (1983)
H.O. MOORE, et al., Plaintiff-Appellant,
v.
Katherine Collins MOORE, et al., Defendant-Appellee.
No. 15,201-CA.
Court of Appeal of Louisiana, Second Circuit.
February 22, 1983.
*1321 Nolan J. Edwards, Crowley, for plaintiffappellant.
Culpepper, Teat & Caldwell by Bobby L. Culpepper, Jonesboro, for defendant-appellee.
Before JASPER E. JONES, SEXTON and NORRIS, JJ.
NORRIS, Judge.
Plaintiffs appeal a judgment of the trial court sustaining an exception of no cause of action. We reverse and remand.
On November 18, 1981, H.O. Moore, Jenelle Moore, Nedra Moore Taylor and Audra Ruth Moore Grove, filed suit against Katherine Collins Moore, Pauline Moore Lewis, Melinda Moore Davis and Robert Moore alleging that plaintiffs, together with Louis Moore and Pauline Moore, are the children of W.O. Moore and Myrtice Moore, both of whom are now deceased. In the original petition, plaintiffs further alleged that three sales of immovable property, described in the original petition and reflected by copies of deeds attached to that petition, executed by W.O. Moore and Myrtice Moore to their son Louis Moore, now deceased and survived by his wife Katherine Moore and two children, Robert Moore and Melinda Moore Davis, were simulations or alternatively donations in disguise that exceeded the disposable portion. Plaintiffs further alleged that the estates of W.O. Moore and Myrtice Moore were represented by Katherine Moore, Pauline Lewis and Donald Ray Lewis as co-administrators, who failed to render a proper accounting of the estates despite demand to deliver the assets of the estates. Therefore, plaintiffs allege that they are entitled to damages for the failure to properly account and deliver as well as attorneys' fees. Finally, plaintiffs prayed for judgment annulling and setting aside the acts of conveyance, ordering an accounting, and for damages, attorneys' fees, interest, costs and all general and equitable relief.
After the trial court sustained certain dilatory and declinatory exceptions, an amended and supplemental petition was filed in which plaintiffs alleged that Louis Moore was deceased and survived by his wife and two children. It was further alleged that the succession of W.O. Moore was opened in Jackson Parish, that there was no succession opened for Myrtice Moore, who had died subsequent to her husband and that Dennis Louis Moore's succession was opened in Jackson Parish.
With the record in this posture, defendants filed an exception of no cause of action on the basis that the conveyances alleged to be simulations "speak for themselves" and clearly show that they are not simulations and donations in disguise; that plaintiffs *1322 are not entitled to an accounting because of the validity of the conveyances; that there is no showing of damage as a result of the failure to account; and that there is no allegation of a cause of action under Louisiana law entitling plaintiffs to attorneys' fees.
In written reasons for judgment on the exception, the trial court sustained the exception concluding that although the petition alleged the deeds to be simulations and donations in disguise, that because the deeds were attached as exhibits to the petition the contents of the deeds must be considered to be true. Therefore, because the deeds recited cash considerations,[1] plaintiffs were bound by the truthfulness of those allegations of consideration, and the petition did not allege a cause of action.
Judgment was signed sustaining the exception and dismissing the action. It is from this judgment that plaintiffs appeal.
La.C.C.P. Art. 931 provides in pertinent part:
* * * * * *
No evidence may be introduced at any time to support or controvert the objection that the petition fails to state a cause of action.
This rule is amplified in Adserv Corp. v. Lincecum, 385 So.2d 432 (La.App. 1st Cir. 1980) wherein it was stated:
The peremptory exception of no cause of action is tried on the face of the petition and "no evidence may be introduced at any time to support or controvert the objection that the petition fails to state a cause of action." La.C.C.P. Art. 931.
The purpose of the exception of no cause of action is to determine whether under the allegations of the petition the law affords any remedy for the particular grievance complained of. Bamber Contractors, Inc. v. Henderson Brothers, Inc., 345 So.2d 1212 (La.App. 1st Cir.1977); Guillory v. Nicklos Oil and Gas Company, 315 So.2d 878 (La.App. 3rd Cir.1975); American Bank & Trust Company v. French, 226 So.2d 580 (La.App. 1st Cir. 1969). And in determining whether the petition states a cause of action, every reasonable interpretation must be afforded its language so as to maintain the sufficiency of the petition and to afford plaintiff his day in court. Hero Lands Company v. Texaco, 310 So.2d 93 (La. 1975).
While we are aware that documents annexed to the petition may also be considered in determining whether or not a cause of action is stated [See Moore v. Shell Oil Co., 228 So.2d 205 (La.App. 3d Cir. 1969).], we further conclude that the trial court was clearly wrong in concluding from the annexed deeds that the recitations in the deeds when accepted as being true defeated plaintiffs' cause of action.
La.C.C. Art. 2444 states:
The sales of immovable property made by parents to their children, may be attacked by the forced heirs as containing a donation in disguise, if the latter can prove that no price has been paid, or that the price was below one-fourth of the real value of the immovable sold, at the time of the sale.
La.C.C. Art. 2239 states:
Counter letters can have no effect against creditors or bonafide purchasers; they are valid as to all others; but forced heirs shall have the same right to annul absolutely and by parol evidence the simulated contracts of those from whom they inherit, and shall not be restricted to the ligitimate [legitime]. [Emphasis added.]
It is therefore well settled that forced heirs have an absolute right to annul by parol evidence the simulated contracts of those from whom they inherit and in this regard are not restricted to their legitime. Succession of Webre, 247 La. 461, 172 So.2d 285 (1965); Miles v. Miles, 328 So.2d 394 (La.App. 3d Cir.1976).
*1323 A simulation is a transfer of property which is not what it seems. Simulations are of two types; pure simulations and disguised transfers. In a pure simulation, sometimes called a non transfer, the parties only pretend to transfer the property from one to the other, but in fact both transferor and transferee, intend that the transferor retain ownership of the property. When this type of simulation is successfully attacked, the true intent of the parties is revealed; that is, that no transfer had in fact taken place. The other type of simulation is a disguised transfer which seems on its face to be a valid sale, but in fact is actually intended by the parties to be a gift rather than a sale. When this type of simulation is attacked successfully under Article 2444, the true intent of the parties is likewise effectuated by the law. A valid transfer has taken place but its form is a donation rather than a sale and the Code articles on donations apply to the transfer. See Owen v. Owen, 336 So.2d 782 (La.1976); La.C.C. Art. 1493 et seq.
Whether or not a transaction is simulated is a matter to be decided in light of the circumstances of each case. See Milano v. Milano, 243 So.2d 876 (La.App. 1st Cir. 1971).
While the petitions in the instant case are admittedly inartfully drafted, a reasonable interpretation of them results in our finding that plaintiffs, who are the forced heirs of the deceased transferor, are seeking to nullify three conveyances to their deceased brother as simulations or donations in disguise which impinge upon their legitime. The documents attached to the petition cannot be viewed as defeating this action because it is the validity of the documents themselves which forms the very crux of this cause of action. If we were to uphold the action of the trial court as being a proper interpretation of the law, our ruling would in effect render nonexistent a cause of action clearly provided for by law. In this case, the question of consideration for a sale or lack thereof is an issue which must be determined by means other than the exception of no cause of action. To hold otherwise would be to ignore the purpose of Article 2239 as explained in Succession of Clark, 155 So.2d 37 (La.App. 4th Cir.1963):
... Article 2239, which appears in the Code under a Chapter entitled "OF THE PROOF OF OBLIGATIONS AND OF THAT OF PAYMENT" and under a section and subsection entitled, respectively, "OF THE LITERAL PROOF" and "OF AUTHENTIC ACTS" does not establish a property right; it establishes only a rule of evidence. It does not change the obligation of forced heirs in respect to the burden which they bear regarding presumptions and proof, nor does it enlarge the right of a forced heir to the legitime or decrease the disposable portion of those from whom forced heirs inherit. It does extend to forced heirs the right to use parol evidence in annulling the simulated contracts of those from whom they inherit and in that use the forced heirs are not restricted to the legitime even in cases, as for example collation, where the question of exceeding the legitime is not involved. See Byrd v. Pierce, 124 La. 429, 445, 50 So. 452, 457; Wells v. Goss, 110 La. 347, 357, 34 So. 470, 474; Reinerth v. Rhody, 52 La.Ann. 2029, 2035, 28 So. 277, 279. [Emphasis added.]
Having found that the plaintiff's petition states a cause of action to annul the conveyances referred to therein as being simulations or donations in disguise, the exception of no cause of action must be overruled. When a petition states a cause of action as to any ground or portion of the demand, the exception must be overruled. Leenerts Farms, Inc. v. Rogers, 421 So.2d 216 (La.1982); Rodriguez v. American Bankers Ins. Co. of Florida, 386 So.2d 652 (La.1980).
As we stated in Walker v. Western Southern Life Ins. Co., 361 So.2d 892, 894 (La.App. 2d Cir.1978):
Our Code of Civil Procedure does not provide for an exception of partial no cause of action. The effect of sustaining a peremptory exception is that the action shall be dismissed, not that part of the action be dismissed. La.C.C.P. Art. 934. * * * [Emphasis added.]
*1324 Therefore, we do not consider the other assertions of the defendants in support of the exception, leaving it to the trial court to exclude evidence relating to the action for accounting, for damages for failure to account and deliver property and attorneys' fees if the trial court believes such to not be recoverable. See Rodriguez v. American Bankers Ins. Co. of Florida, supra.
Accordingly, the ruling of the trial court sustaining the exception of no cause of action is reversed, the exception is overruled and this case is remanded to the district court for further proceedings.
JUDGMENT REVERSED AND REMANDED.
NOTES
[1] The trial judge referred to the deeds in question as cash sale deeds but the record in fact shows one was a cash sale deed and the other two were credit sale deeds secured by vendor's liens.