No. 3612

Second Circuit

CARTER v. BOLDEN ET AL.

(March 24, 1930.  Opinion and Decree.)

Parsons & Colvin, of Mansfield, attorneys for plaintiff, appellee.

Pegues & Pegues, of Mansfield, attorneys for defendants, appellants.

DREW, J. Plaintiff brings this suit seeking to have declared null and void the transfer of 120 acres of land executed by her in favor of her daughter, the defendant Candice Bolden. The property purports to have been conveyed by plaintiff to her daughter in the following manner:

1. An act of sale dated February 13, 1926, for a recited consideration of $900, conveying sixty acres of land.

2. An act of donation inter vivos from the plaintiff to her daughter, dated February 13, 1926, conveying sixty acres of land.

Plaintiff alleges that said 120 acres of land was and is the only property owned by her, and that she is not physically able to earn a living for herself; and that the acts of defendant Candice Bolden and her husband, James Bolden, in taking title to all her property have deprived her of any means of subsistence and forced her to accept the charity of relatives.

Plaintiff claims she was induced to sign the act of sale by the false and fraudulent misrepresentations of the defendants, who represented to her that it was their intention to make provision for building a home for petitioner and to provide a place for her to live for the balance of her life; and that the object of the execution of the deed was to enable them to mortgage the property and get money to build petitioner a home; that petitioner, being illiterate, unable to read or write, signed the same without understanding that she was dispossessing herself of ownership of said land; that no consideration was at the time or since paid for said land; that petitioner was induced to sign the act of donation upon the representation of defendants that they would care for, maintain, and support petitioner during the balance of her life. Petitioner denies that defendants have complied with the obligation to care for and maintain and support her, and alleges that defendants have failed to build a home for her, although defendants did secure money by mortgaging said property.

Plaintiff prays that the act of donation and act of sale be declared null and void for the reason that the same constituted and effected a donation and conveyance without consideration, which deprived her of all her property, without reserving to herself enough for her subsistence, and were prohibited donations.

In the alternative, plaintiff prays that the acts of transfer should be set aside for failure of defendants to fulfill the obligations imposed on them, and for ingratitude, alleging cruel treatment and neglect.

Defendants deny the essential allegations of plaintiff's petition and claim that the act of donation herein attacked was executed prior to the act of sale and that the said act of sale was a bona fide sale for a just consideration of $900, which they claim was paid; that they were kind to plaintiff at all times; and that she lived in their home for two years after the said acts of transfer were executed, when she became dissatisfied and moved to the home of a grandson.

Plaintiff had been living from place to place with different friends and relatives for a number of years, and, being very old, nearly eighty years, desired a permanent home the balance of her life. She moved to the home of her daughter, the defendant, and agreed to donate to said defendant all of her property, consisting of the 120 acres here involved, in consideration of the love and affection she had for her and the promise of defendant to build for plaintiff a home in which to live during the remainder of her life, and to care for, maintain, and support her.

Defendant, a negro woman above the average in intelligence, inquired of Mr. W. C. Pegues, Jr., a lawyer, as to the legality of such a donation, and was advised by Mr. Pegues that a donation of all of plaintiff's property would not hold in law and advised that she accept a donation of one-half of the property and take a deed for the other half, telling defendant that the sale would have to be a bona fide sale for a just and fair consideration; the law applicable being fully explained to defendant. At a later date, defendant, with her mother, the plaintiff, went to the office of Mr. Pegues and the entire matter was fully explained to the plaintiff. On this same day, February 13, 1926, there was prepared in the office of Pegues & Pegues the act in question here; the act of donation was prepared in the morning and fully executed, and the act of sale was prepared and executed in the afternoon. The donation was filed for record at about 4 o'clock in the afternoon of that day, and the act of sale was filed for record a day or two afterwards. Defendant made a check, payable to plaintiff, for the $900 consideration in the act of sale, and the check was given to plaintiff with instructions not to lose it. What became of the check afterwards is not clear, but it is certain that the check was never cashed and was never presented to the bank, and until now, plaintiff has never received anything in payment of this sixty acres of land. Defendant has never tendered to her the money and did not tender it on trial of this case. Defendant had made some arrangements to draw on the bank for the necessary money at the time she gave the check; however, she did not have the money of her own and would have had to borrow from the bank and secure the bank by mortgage after the check was cashed. She at no time since has been to the bank to see if the check was cashed or to finish her arrangements with the bank in regard to the loan. Plaintiff says that defendant took the check out of her handbag or trunk on returning home, which is denied by defendant. Plaintiff further testifies that defendant told her the papers were no good and she had no deed for them.

The testimony shows clearly that plaintiff originally intended to transfer all of her property to defendant by act of donation inter vivos, and that defendant intended to accept same until she learned from her lawyer that such a transfer would conflict with a prohibitory law, and that defendant then conceived the idea of surrounding that law by taking half of the property by donation inter vivos and then

take cash deed to the remainder of the property and to pay for it in form only, never intending to have plaintiff to receive for her own use the consideration shown in the act of sale. The act of sale was clearly a subterfuge and was in effect a donation of the sixty acres of land.

The two acts are regarded as one and the same transaction and should be read together and taken together, and the parties can take nothing by separating the two acts. Their connection is clear.

An act of donation by a widow of all her property to her children, reserving none for her subsistence, is void, under Revised Civil Code, art. 1497, notwithstanding the obligation of the children to support her for life. Rocques vs. Freeman, 125 La. 60, 51 So. 68.

The jurisprudence of this state is that the parties may put their agreements into whatever forms they determine. A contract of security may be in the form of a sale.

"Whatever be the name given to an act, its character, when necessary, may be ascertained by inquiry into the nature of the transaction and the intent of the parties to it." Keough vs. Meyers, 43 La. Ann. 952, 9 So. 913; Ford vs. Parsons, 142 La. 1095, 78 So. 128.

Douglass vs. Douglass, 51 La. Ann. 1456, 26 So. 546, is a case of an absolute sale, the true nature of which the wife was allowed to show by parol. A large number of cases are there cited, and the rule on this point is authoritatively announced. Caldwell vs. Trezevant, 111 La. 410, 35 So. 619; Hamilton vs. Moore, 136 La. 634, 67 So. 523.

The lower court rendered judgment in favor of the plaintiff, Fanny Carter, and against the defendants, Candice Bolden and her husband, James Bolden, avoiding, annulling, and setting aside the following instruments of transfer, to-wit:

(a) That certain purported act of sale executed by Fanny Carter to and in favor of. Candice Bolden, dated February 13, 1926, before Wm. C. Pegues, notary public, for a recited consideration of $900, and which appears of record in Book 72 of Conveyances, Folio 513, in the recorder's office of De Soto parish, La.;

(b) That certain purported act of donation inter vivos executed by Fanny Carter to and in favor of Candice Bolden, dated February 13, 1926, executed before Wm. C. Pegues, notary public, and which appears of record in Book 44 of Conveyances, p. 22, in the recorder's office of DeSoto parish, La.;

And recognizing Fanny Carter to be the true and lawful owner of the property referred to in said annulled acts, described as follows: S½ of NW¼ of section 12, and SE¼ of NE¼ of section 11, in township 12 north of range 16 west, La. Mer., containing 120 acres, more or less; and restoring to Fanny Carter the possession and control of same.

It further reserved to plaintiff, in accordance with prayer of petitioner, the right to sue for any damages accruing to her for any valid alienations or incumbrances placed by defendant on said property, or caused to her by reason of said transaction.

We think the judgment of the lower court is correct.

It is therefore ordered, adjudged, and decreed that the judgment of the lower court be affirmed; defendants and appellants to pay costs of appeal.