[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 55 
A testamentary executor, who is also one of the forced heirs, instituted this action against one of his coheirs to reduce an allegedly excessive donation made by their mother in her will. From a judgment maintaining the exceptions of no cause and no right of action filed by the coheir, the plaintiff has appealed.
Mrs. Anna Ottman Meyer died on August 25, 1938, leaving a nuncupative will *Page 56 
by private act dated July 11, 1936, in which she disposed of her estate by partitioning it among her three sons, Julius H., Louis L., and Frederick Meyer, giving to each certain designated property. In addition to partitioning her property and appointing Julius H. Meyer her executor, she included the following provision in her will: "I give and bequeath to my son, Julius H. Meyer, for his loving care and attention to me, the disposable portion of my estate, as an extra portion."
Plaintiff in his petition alleges that the inventoried value of the property given Julius H. Meyer is $5,672.00, while that given to Louis L. Meyer is $4,462.50, and that given to Frederick Meyer is $2,350.00. With the exception of $605.85 in cash, this property comprises the entire estate left by the deceased. The plaintiff further alleges that the net estate, after the succession debts aggregating $1,390.71 are deducted, amounts to $11,699.64, showing that the sum of $827.80 is needed to make up the appraised value of the special legacy due him under the terms of the will since he is entitled, in addition to his legitime, to the disposable portion of his mother's estate, and that the sum of $249.92 is needed to make Frederick Meyer's special bequest equal his legitime, while the bequest to Louis H. Meyer exceeds his legitime by $1,862.58. The plaintiff prayed that the special bequest to Louis H. Meyer be deemed excessive and reduced accordingly.
In addition to excepting to the petition on the ground that it disclosed neither a cause nor a right of action, the defendant filed an answer generally denying all of *Page 57 
the allegations of plaintiff's petition and averring that under the terms of the will he is entitled to the particular bequest made him.
The plaintiff concedes that under the provisions of Article 1724 of the Revised Civil Code his mother had a right to partition her property among her heirs either by an act inter vivos or by testament but contends that since her will "is contradictory in the sense that she first partitions all of her property and then in the last clause of her will gives one of her sons (himself) the disposable portion, thus making it impossible to carry out the terms of her will," the last of the contradictory clauses, the one giving him the disposable portion of the estate, must prevail under the provisions of Article 1723 of the Code.
Article 1724 is found in that chapter of Title II of the Third Book of the Revised Civil Code entitled "Of Partitions Made By Parents And Other Ascendants Among Their Descendants." In the same chapter it is provided that the child who objects to the partition made by the ascendant because the advantage secured to one of the coheirs is in excess of the disposable portion may avoid the partition by rescinding the same. Article 1730 and 1731. However, "The defendant in the action of rescission may
arrest it by offering to the plaintiff the supplement of the portion to which he has a right." Article 1732. (Italics ours.) See, also, the case of Spann v. Hellen, 114 La. 336, 38 So. 248, 250.
In the Spann case Mrs. Emily Johnson donated all of her property to her three daughters during her life by deeding to *Page 58 
each a piece of real estate for recited cash considerations of $1,000, $3,000, and $4,000. After Mrs. Johnson's death the daughter who had received the least valuable piece of property (that deeded for the recited cash consideration of $1,000) instituted suit against her two sisters alleging, among other things, that she was entitled to share equally and ratably in the estate, her mother having died intestate. In dismissing the case this court concluded that the daughter's remedy "if any she has, is by action of rescission under articles 1730-1733 of the Civil Code." In the course of the opinion we find the following pertinent analysis of these articles: "Considering the transfer as donations inter vivos by the mother, we have the case of a partition made by a parent among her children. The Civil Code provides that such partitions may be avoided when the advantage secured to one of the coheirs exceeds the disposable portion. Civ. Code, art. 1730. The child who objects to such a partition isdriven to an action of rescission, and must advance the expenses of having the property estimated. The defendant in such an action may arrest it by offering to the plaintiff the supplement of the portion to which he has a right. Civ. Code, arts. 1731, 1732." (Italics ours.)
It is our opinion, therefore, that the plaintiff, who is seeking to reduce the legacy allotted to Louis L. Meyer to satisfy the alleged deficiency in his and his brother Frederick's legitime and not to rescind the partition, has mistaken his remedy and that the trial judge properly dismissed his suit. Of course, the only one who can champion the rights of Frederick Meyer *Page 59 
with respect to the alleged deficiency in his legitime is Frederick Meyer himself, and he is not a party to these proceedings.
For the reasons assigned, the judgment of the lower court is affirmed, at plaintiff's cost.
O'NIELL, C.J., does not take part.
 On Rehearing.