. SIMON, Justice.
Mrs. Nina Winter Stevens, surviving widow of Edmond Haywood Stevens, instituted this suit as the duly qualified natural tutrix of her minor children,[1] attacking as simulations and/or disguised donations, in fraud of the rights of these minors, (1) a deed dated June 21, 1949, whereby Mrs. Ada Jane Stevens purportedly sold to her son-in-law, J. B. Flores, for $400 in cash, her undivided interest in 80 acres of land in Sabine Parish, and (2) a deed dated March 10, 1950, whereby she purportedly conveyed to her son, Jesse D. Stevens, her undivided interest in 640 acres of land in Sabine Parish, together with all improvements, for $2,500 in cash. Also under attack is an instrument dated April 17, 1950, partitioning the entirety of the 720 acres of land involved in the transfers to Stevens and Flores among the defendants, Jesse D. Stevens, his sisters, Vera Thelma Stevens Flores and Virgie Nola Stevens McElroy, and J. B. Flores, the ground therefor being that all of the co-owners of the land were not parties since these minors were not joined in the proceedings. The plaintiff seeks also to have the minors decreed to be the owners of an undivided one-fourth interest in the property covered by the instruments, and to have the property brought back into the succession of Mrs. Ada Jane Stevens.
The judgment of .the lower, court maintained the sale to J. B. Flores, annulled and set aside the act of partition in so far as it affected the interest of the minors, and declared null and of no legal effect the transfer to Jesse D. Stevens, and ordered this interest brought back into the succession of Mrs. Stevens. The costs of the suit were apportioned between the plaintiff and the defendants.
Jesse D. Stevens alone has appealed from this judgment, and his complaint is leveled solely at the ruling of the trial court annulling the conveyance to him of Mrs. Stevens’ undivided interest in the 640 acres under the deed of March 10, 1950. The plaintiff has not answered the appeal. Consequently, the primary question for our consideration is the validity of the conveyance to Jesse D. Stevens.
According to the facts as revealed by the record, D. E. Stevens, during the com *766 munity existing between him and Mrs. Ada Jane Stevens, acquired a 720-acre tract of land in Sabine Parish, being the E/2 of the NE/4 of Section 19; the NW/4 of Section 20; the S/2 and the S/2 of the N/2 of Section 17, Township 9 North, Range 11 West. Following the death of a son, Edmond Haywood Stevens (former husband of the plaintiff), on April 18, 1941, D. E. Stevens conveyed this entire acreage to his remaining living children in four deeds, three of which were executed on November 23, 1943, giving to Mrs. Flores, Mrs. McElroy, and Jesse D. Stevens 180 acres each for the purported consideration of $1.00; the fourth, transferring to Jesse D. Stevens the remaining 180 acres, was executed on December 25, 1945, for the purported consideration of $2,400, D. E. Stevens reserving to himself and his wife the use of the property so long as they might live, without the payment of any rent. After Stevens’ death on June 6, 1946, these four deeds were attacked by Mrs. Nina Winters Stevens (the plaintiff in the instant suit) as the tutrix of her minor children as being simulations and donations in disguise in fraud of the rights of these minors in the property inherited through their father; and her contentions were sustained in a judgment rendered December 18, 1948, annulling the four deeds whereunder this property had been conveyed. In this same judgment the minors were recognized to be the owners of an undivided one-thirty-second interest each in the property described in the deeds, subject to the usufruct of their grandmother, Mrs. Ada Jane Stevens. No appeal was ever taken from this judgment.
Thereafter, on June' 18, 1949, as above pointed out, Mrs. Stevens sold to her son-in-law, J. B. Flores, her undivided interest in 80 acres of the original 720-acre tract acquired by her deceased husband, being the S/2 of the SE/4 of the SW/4 of Section 17; the NE/4 of the NE/4 and the N/2 of the SE/4 of the NE/4 of Section 19, Township 9 North, Range 11 West, which sale was found by the trial judge to be valid and legal. His ruling in this respect has not been questioned by the plaintiff and cannot, therefore, be disturbed. On March 10, 1950, she deeded to her son, Jesse D. Stevens, her undivided interest in the remaining 640 acres,[2] and on the 20th of that month Jesse D. Stevens, J. B. Flores and the two Stevens daughters executed an act in which they partitioned among themselves the 720 acres acquired by D. E. Stevens. This partition was invalidated in the district court, and no appeal has been taken from this ruling.
Plaintiff’s suit is predicated on Article 2239 of the LSA-Civil Code, which gives *768 to forced heirs the “right to annul absolutely and by parol evidence the simulated contracts of those from whom they inherit, and shall not be restricted to the legitimate (legitime)”; and also on Article 2444 which provides: “The sales of immovable property made by parents to their children, may .be attacked by the forced heirs, as containing a donation in disguise, if the latter can prove that no price has been paid, or that the price was below one-fourth of the real value of the immovable sold, at the time of the sale.”
The learned judge below, in a carefully written opinion in which he reviews and analyzes all of the evidence introduced, both oral and written, concluded that the defendant Jesse D. Stevens did, in fact, pay to his mother the $2,500 in cash, the stated consideration for the conveyance to him of her interest in the 640 acres. We find that the record supports in overwhelming preponderance his conclusion in this respect.
The only question remaining for our decision, therefore, is whether this price “was below one-fourth of the real value of the immovable sold, at the time of the sale.”
In arriving at the price of $40 an acre which was fixed by the trial judge as the real value of this property, he averaged the prices paid for property in the vicinity as reflected by sixteen deeds introduced in evidence (9 by the plaintiff and 7 by the defendant), which he found to be $38.95 an acre; he also averaged the estimates given by witnesses for both the plaintiff and the defendants, together with the prices in the deeds, and found this to run between $40 and $45 an acre. In addition, the trial judge stated that from his personal knowledge of the property in that vicinity, it was his opinion that the property was worth between $35 and $40' an acre. It is obvious, therefore, that at $40 an acre, which we find to be a fair valuation as fixed by the trial judge from the conflicting testimony on this phase of the case, the 640 acres was worth $25,600, and Mrs. Stevens’ half interest therein was worth $12,800. Consequently, the price of $2,500 paid by Jesse D. Stevens for this interest was below one-fourth of the real value of that interest, and that the trial judge correctly annulled and set aside the deed on this ground.
In the supplemental petition in this Court, the appellant strenuously objects to consideration allegedly given by the trial judge for the value of this property for mineral leasing purposes, contending such considerations are highly speculative and conjectural, reference being made to a mineral lease executed by the defendants affecting this 640 acres on the very day Mrs. Stevens conveyed it to her son, and wherein the consideration for the mineral lease is stated to be $5,500.
This objection is worthy of no merit in view of the fact that the trial judge’s *770 estimate of the value of this land was not predicated upon the amount paid for this mineral lease, (which, as a matter of fact, is not even mentioned in the trial judge’s written reasons) or on the mineral possibilities inherent in the property but solely upon the actual market value of the land as established by the testimony, both oral and documentary. The amount paid for the lease referred to does, however, confirm the soundness of the trial judge’s conclusion that the property was worth $40 an acre if it does not, in fact, disclose that an even higher valuation could have justifiably been placed thereon by the judge, since the value of mineral rights in land is “an element that enters into the consideration of its value just as does the value of growing timber and other valuable attributes.”[3]
The final argument of appellant, that any judgment rendered annulling the deed of March 10, 1950, will be without effect unless the plaintiff deposits in the court the sum of $2,500, the amount he paid his mother at the time of the execution of the deed, is equally without merit. This contention is predicated upon the assumption that plaintiff’s suit sounds in lesion, as defined in LSA-Civil Code Articles 1860-1880. Article 1860 states that, “Lesion is the injury suffered by one who does not receive a full equivalent for what he gives in a commutative contract.” Neither the plaintiff nor the minors were a party to the contract between Mrs. Stevens and her son, and they did 'not give or receive any consideration whatever stemming from that transaction.
For the reasons assigned, the judgment appealed from is affirmed, at the cost of the appellant.

. Bobby Jean, Frances Yvonne, Martha Faye and Amy Patricia Stevens.

. This deed forms the basis of the appeal before us. It also purports to have been executed for the purpose of effecting a partition of the property eomprising the community between Mrs. Stevens and the co-owners of her deceased husband’s interest, but the minors are not represented or joined.

. Jones v. First National Bank, 215 La. 862, 41 So.2d 811, 813.