ELLIS, Judge.
Ella Theresa Barnett, widow of Frank C. Blossman, Sr., died intestate on August 16, 1975, leaving as her sole heirs Frank C. Blossman, Jr., Robert C. Blossman, June Blossman Oulliber and Pearl Blossman Olsen. Following the death of her husband, Mrs. Blossman had purchased a lot on the corner of Water and St. Joseph Streets in Madisonville, Louisiana, and built a house thereon, in which she made her home.
On March 31, 1973, Mrs. Blossman executed an act of sale, by which she purported to transfer the said property to Mrs. Olsen for a cash consideration of $1,000.00. This suit was brought by the other three heirs against Mrs. Olsen to have the sale of March 31, 1973, declared a simulation, and null and void. Alternatively, they pray that the said sale be declared lesionary beyond one-fourth; that the transaction be found to be a donation omnium bonorum, and null and void; and that Mrs. Olsen be ordered to collate the said property to the Succession of Mrs. Blossman.
By way of defense, if the sale be found to be lesionary, defendant alleges that the transfer was, in fact, an onerous donation, supported by the care given Mrs. Blossman during the last three years of her life; and by improvements made to the property by Mrs. Olsen. Alternatively, defendant claims that the property was transferred to her as an extra portion, and is not subject to collation. By amended answer, defendant further prayed that, in the event the sale is rescinded, she be reimbursed all amounts expended to maintain, improve and preserve the improvements on the property; and, finally, that plaintiffs be es-topped to deny the validity of the transfer, because of their participation in having it made.
After trial on the merits, judgment was rendered, declaring the sale to be a simulation, and therefore null and void, and denying defendant’s reconventional demand for reimbursement of the amounts expended on the property. Defendant has appealed.
Although the testimony of the witnesses is in conflict on some of the circumstances surrounding the transfer, two facts are entirely clear and uncontradicted. First, Mrs. Blossman transferred the property to Mrs. Olsen in order to induce Mrs. Olsen to come and live with her and second, that there was no cash consideration paid. There can be no doubt that both parties intended that a transfer take place. In Owen v. Owen, 336 So.2d 782 (La.1976), the court said:
“In our law, a simulation is a transfer of property which is not what it seems. Simulations are of two types: pure simulations, and disguised transfers. In a pure simulation, sometimes called a non-transfer, the parties only pretend to transfer the property from one to the other, but in fact both transferor and transferee intend that the transferor retain ownership of the property. When this type of simulation is successfully attacked, the true intent of the parties is revealed, which was that no transfer had in fact taken place. In a contest between a vendor and vendee in this situation the *547 true intent of the parties is effectuated and the courts hold that no transfer took place because the simulated sale is an absolute nullity. Successions of Webre, 247 La. 461, 172 So.2d 285 (1965); Schalaida v. Gonzales, 174 La. 907, 142 So. 123 (1932); Milano v. Milano, 243 So.2d 876 (La.App. 1st Cir. 1971). The other type of simulation is a disguised transfer which seems on its face to be a valid sale, but which is intended by the parties to be a gift rather than a sale. When this sort of simulation is attacked successfully, as it has been here under Article 2444, the true intent of the parties is likewise effectuated by the law. A valid transfer has taken place, but its form is a donation rather than a sale and the Code articles on donations apply to the transfer. Stevens v. Stevens, 227 La. 761, 80 So.2d 399 (1955); Carter v. Bolden, 13 La.App. 48, 127 So. Ill (La.App. 2nd Cir. 1930); 35 La.L.Rev. 192 (1974); 25 La.L.Rev. 313 (1965).”
The trial judge was therefore in error when he found the transfer to Mrs. Olsen to be a pure simulation, and therefore null. The transaction is clearly a simulation of the second type, a disguised donation, and the transaction is governed by the codal provisions on donations.
We find it equally clear that the transaction cannot be considered null as a donation omnium bonorum. Article 1497 of the Civil Code provides:
“The donation inter vivos shall in no case divest the donor of all his property; he must reserve to himself enough for subsistence; if he does not do it, the donation is null for the whole.”
It is uncontradicted in the record that Mrs. Blossman had sufficient income for her support. The donation to Mrs. Olsen did not, therefore, leave her without enough property for subsistence, and cannot be nullified under Article 1497, supra.
Article 2444 of the Civil Code provides: “The sales of immovable property made by parents to their children, may be attacked by the forced heirs, as containing a donation in disguise, if the latter can prove that no price has been paid, or that the price was below one-fourth of the real value of the immovable sold, at the time of the sale.”
Such a donation is not null, however, but is subject to collation and reduction if it infringes on the legitimate portion of the forced heirs. Articles 1227, 1502 et seq., Civil Code. If the donation is remunerative or onerous, it is subject to collation only if the value of the thing donated exceeds by one-half the value of the charges or services imposed on the donee. Articles 1523-1526, Civil Code.
However, under Article 1242 of the Civil Code, “The collation is made only to the succession of the donor.” A demand for collation must be brought as an incident to a succession proceeding, and not in a suit such as this, which was brought primarily to nullify a sale. Owen v. Owen, supra.
The judgment appealed from is therefore reversed and set aside, and there will be judgment herein in favor of defendant, dismissing plaintiffs’ suit at their cost, but without prejudice to their right to seek collation in a proper proceeding.
REVERSED AND RENDERED.