421 So.2d 402 (1982)
Thomas E. HYSMITH
v.
C.T. COLESON.
No. 82 CA 0056.
Court of Appeal of Louisiana, First Circuit.
October 12, 1982.
*403 Jerome Halford, New Orleans, for plaintiff, appellant.
Bernard Smith, Covington, for defendant, appellee.
Before COVINGTON, LEAR and LANIER, JJ.
COVINGTON, Judge.
This is an appeal by Thomas E. Hysmith, plaintiff, from judgment of the district *404 court, in favor of Charles T. Coleson, defendant. Plaintiff seeks judgment declaring an act of sale (credit deed) to defendant by Marion Coleson Perkins to be a simulation or a donation in disguise, or to be lesionary. Judgment was rendered by the trial court rejecting plaintiff's demands. We affirm.
Plaintiff brought suit against defendant attacking an act purporting to be a credit deed from Marion Coleson Perkins, plaintiff's paternal grandmother, to C.T. Coleson, nephew of Mrs. Perkins, dated April 14, 1977, passed before Mike J. Balen, notary public, of record in the official records of St. Tammany Parish, Louisiana, with a recited consideration of $70,000.00, of which $7,000.00 was paid in cash and the balance of $63,000.00 represented by a promissory note payable in 97 installments of $650.00 each, beginning May 15, 1977, and the other installments due the 15th day of each succeeding month. The property conveyed by the act is a 10-acre tract of land situated in Township 9 South, Range 12 East, St. Tammany Parish, Louisiana, and which is more fully described in the decretal portion of this opinion. In the act, the vendee agreed to allow the vendor "to remain and occupy the said premises described herein until her death."
Plaintiff attacked the act on the ground that the transaction was a simulation in that the recited consideration was never paid by defendant and that the vendor continued to live on the property and treat it as her own. Alternatively, plaintiff alleged that the transaction was a disguised donation, or was lesionary.

Simulation:
A simulation is a feigned or pretended sale clothed with the formalities of a valid sale. In Owen v. Owen, 336 So.2d 782, 786 (La.1976), the Supreme Court stated:
"... In our law, a simulation is a transfer of property which is not what it seems. Simulations are of two types: pure simulations and disguised transfers. In a pure simulation, sometimes called a non-transfer, the parties only pretend to transfer the property from one to the other, but in fact both transferor and transferee intend that the transferor retain ownership of the property. When this type of simulation is successfully attacked, the true intent of the parties is revealed, which was that no transfer had in fact taken place. In a contest between a vendor and vendee in this situation the true intent of the parties is effectuated and the courts hold that no transfer took place because the simulated sale is an absolute nullity. Successions of Webre, 247 La. 461, 172 So.2d 285 (1965); Schalaida v. Gonzales, 174 La. 907, 142 So. 123 (1932); Milano v. Milano, 243 So.2d 876 (La.App. 1st Cir.1971). The other type of simulation is a disguised transfer which seems on its face to be a valid sale, but which is intended by the parties to be a gift rather than a sale. When this sort of simulation is attacked successfully, as it has been here under Article 2444, the true intent of the parties is likewise effectuated by the law. A valid transfer has taken place, but its form is a donation rather than a sale and the Code articles on donations apply to the transfer. Stevens v. Stevens, 227 La. 761, 80 So.2d 399 (1955); Carter v. Bolden, 13 La.App. 48, 127 So. 111 (La.App. 2nd Cir.1930); 35 La.L.Rev. 192 (1974); 25 La.L.Rev. 313 (1965)."
A presumption of simulation arises when the vendor reserves a right of habitation and remains in possession of the property. L.S.A.-C.C. art. 2480; Camus v. Camus, 91 So.2d 120 (La.App.Orl.1956), cert. den. Feb. 27, 1957. In the instant case, the act and the other evidence disclose that Mrs. Perkins reserved a right of habitation and remained on the premises. Thus, the burden of proving the validity of the transaction shifted to Coleson.
In ascertaining whether a sale is simulated, the courts must determine whether the parties acted in good faith, whether there was an actual intention to transfer title, and whether any consideration was given for the transfer. Phillips v. Nereaux, 357 So.2d 813 (La.App. 1 Cir.1978), and on denial of rehearing, 361 So.2d 228 (La.App. 1 Cir.1978).
*405 Nevertheless, a transaction will not be set aside as a simulation if any consideration, no matter how small, supports the transaction, because the reality of the transfer is thus established. Russell v. Culpepper, 344 So.2d 1372 (La.1977); Morgan v. Gates, 396 So.2d 1386 (La.App. 2 Cir. 1981). The record establishes that Coleson paid approximately $21,000.00 to Mrs. Perkins from the time of the sale until her death. The trial judge, in his reasons for judgment, stated:
The record establishes that Mrs. Perkins lived on the property transferred to defendant until her death. Under Louisiana Civil Code, Article 2480, where the thing sold remains in the possession of the seller, the sale is presumed to be simulated and the parties must produce proof that they are acting in good faith and establish the reality of the sale.
The record further establishes that defendant paid Mrs. Perkins the $7,000 shown as having been paid in cash in the act of sale, giving her $2,000 at the act of sale along with a $500 check and a $4,500 check shortly thereafter. In addition, plaintiff paid $13,650 in monthly payments on the promissory note. This Court finds that this sale was clearly not a pure simulation.
In the case at bar, Coleson executed a promissory note for the balance of the purchase price. A sale where consideration is given by the execution of a valid promissory note is sufficient to meet the requirement for payment of consideration. Phillips v. Nereaux, supra. The record establishes that the note had not been paid in full prior to Mrs. Perkins' death; however, the note was still valid and was actual consideration for the transaction. The claim of a simulation is without merit.

Disguised Donation:
Second, plaintiff contends that the transfer, even though not a simulation, is a donation in disguise. In its consideration of this question, the court below found:
The record also establishes that this transfer was not a disguised donation. It is true that Mrs. Perkins continued to live on subject property after the sale up until the time of her death. However, unobjected testimony established that this sale was made to defendant by Mrs. Perkins because she was short of funds. Mrs. Perkins orally agreed with defendant that in return for her living on subject property for the rest of her life, she would, at her death, declare the promissory note given in the act of sale as fully paid and cancel the vendor's lien. The vendor, Mrs. Perkins, did not intend to donate subject property to defendant. The fact that Sharon Hysmith Bonansinger, once the representative in the Succession of Marion Perkins, remained living on the property after the alleged sale and thereafter removed a large part of the contents from the house situated on the property involved in the sale without action on behalf of defendant does not change this Court's holding since the record clearly establishes that no simulation or donation in disguise occurred. In addition, the fact that the Succession attorney cancelled the vendor's lien by presenting the promissory note secured by the lien to the Clerk's Office for cancellation does not cast any aspersions on the validity of this sale. Actually, testimony establishes that the attorney, in cancelling the vendor's lien and privilege, was acting as per the apparent instruction of Mrs. Perkins.
We agree with this finding of the trial court. The parties never contemplated that the transaction in question was to be a gratuitous one. The parties agreed upon a valid and valuable consideration in exchange for the property being transferred from Mrs. Perkins to Coleson. We note that the trial court's findings are entitled to great weight and will not be disturbed on appeal in the absence of manifest error. Bell v. Bell, 339 So.2d 1333 (La.App. 3 Cir. 1976). Since we find the sale to be a valid sale, it logically follows that it is not a donation in disguise. Phillips v. Nereaux, supra. There is no evidence that the price was below one-fourth of the real value of *406 the property at the time of the sale. LSA-C.C. art. 2444, Roy v. Roy, 382 So.2d 253 (La.App. 3 Cir.1980).

Lesion:
Plaintiff has argued in the alternative that the sale is lesionary. In an action for recission for lesion, the one seeking to set aside the transaction must prove by clear and convincing evidence that the price given was less than one-half of the value of the property sold. LSA-C.C. art. 1870; Cheramie v. St. Pierre, 382 So.2d 1003 (La. App. 1 Cir.1980); Dunker v. Finance Funds Group, Inc., 333 So.2d 331 (La.App. 4 Cir. 1976). As found by the trial court, there is no evidence in the record to support this contention.
For the assigned reasons, we agree with the judgment of the court below. However, in accordance with LSA-C.C.P. art. 2089, the judgment of the district court is recast to include, with particularity, the description of the property affected. It is ordered, adjudged, and decreed that C.T. Coleson is the true and lawful owner of the following described property:
All that certain tract or parcel of land, together with all buildings and improvements thereon and all rights, ways and privileges thereunto belonging, situated in St. Tammany Parish, Louisiana and more fully described as follows, to-wit:
From the corner common to Sections 1, 2 and 37, Township 9, South Range 12 East run South 45 deg. 20 min. East 41.51 chains to a post; thence North 44 deg. 40 min. East 0.45½ chains to the point of beginning. An iron post set at the intersection of the West right-of-way of Barringer Road and the North right-of-way of a gravel road bearing North 45 deg. 20 min. West; thence North 44 deg. 40 min. East 10.00 chains along the West right-of-way at Barringer Road to an iron post; thence North 45 deg. 20 min. West 10.00 chains to an iron post; thence South 44 deg. 40 min. West 10.00 chains to an iron post set at the North right-of-way of above mentioned gravel road; then South 45 deg. 20 min. East 10.00 chains to the point of beginning containing 10.00 acres.
All as acquired by vendor from Oscar G. Price by act dated May 16, 1947 before Lindsay McDougall, Notary Public and recorded in COB 178, folio 149 in the official records of St. Tammany Parish, Louisiana.
We cast the appellant for costs of this appeal.
AFFIRMED.