COVINGTON, Judge.
This is an appeal by Robert B. Marcel, Mrs. Irene Marcel Rhodes, Mrs. Enid Marcel Ferguson, Mrs. Shirley Marcel Fernandez and Mrs. Rosemary Bourgeois Marcel[1], plaintiffs, from a judgment of the district court in which the donation from Wilson Marcel, decedent, to Yvette Marcel Hebert on June 19, 1972, transferring Lot 3 of Block 2 of Evergreen Heights Subdivision, located in Section 8, T 17 S, R 12 E, Terre-bonne Parish, Louisiana, was set aside; the purported sale of January 8, 1969, by Wilson Marcel to Thomas Marcel was found to be a disguised donation of a tract of land 180 feet by 150 feet, located in Section 8, T 16 S, R 16 E, Terrebonne Parish, Louisiana; the donation made to Mrs. Hebert of the aforesaid Lot 3 of Block 2 of Evergreen Heights Subdivision, and the disguised donation to Thomas Marcel were decreed to be collatable, with the donees given the option of collating in kind or by taking less; and the remaining demands made in the petition in opposition to the final tableau of distribution and for collation and reduction of the donation were dismissed. The basis for the dismissal was that the plaintiffs had failed to prove that the purported cash sales by the decedent to Yvette Marcel Hebert on September 11,1966, to Ray Anthony Marcel on August 5, 1966, and to Jeanne Marcel Daigle and Robert J. Daigle on February 12, 1970, were simulations or disguised donations. We affirm.
The record establishes that Wilson Marcel died on November 19, 1973. The decedent was married to Adele Bernard, who survived him. He was also survived by eight children, the plaintiffs and defendants herein (with Robert J. Daigle, the husband of one of the Marcel children, also named as a defendant). In due course, the decedent’s will was probated on December 5,1973, and Yvette Marcel Hebert qualified as executrix thereof. Certain incidental proceedings took place, and eventually, on February 7, 1975, the executrix filed a tableau of distribution, along with an inventory ap-praisement. Then, on February 28, 1975, the plaintiffs filed a petition and rule in opposition to the tableau of distribution and for collation and reduction of the aforesaid donations which impinge on plaintiffs’ legi-time. Made defendants therein were Yvette Marcel Hebert[2], Ray Anthony Marcel, Jeanne Marcel Daigle and her husband, Robert J. Daigle. The petition alleged that a donation was made by the decedent to Yvette Marcel Hebert on June 19, 1972; that a purported sale to Mrs. Hebert on September 11, 1966, was not a sale in that no consideration was paid and, therefore, it was a disguised donation. Similar allegations were made with reference to the purported sales made by the decedent to Ray Marcel and Mr. and Mrs. Daigle, demanding that the donations inter vivos should be collated, and that the mortis causa donations should be reduced to a portion not in excess of the disposable portion of the decedent’s estate. The petition also contained an averment that the sale made to one of the plaintiffs, Thomas Marcel, was, in fact, a disguised donation. After hearing on the rule, judgment was rendered, approving the *413 tableau of distribution, subject to the reservation of the rights of the plaintiffs to seek collation and reduction.
Subsequent thereto, the plaintiffs filed an amended petition, alleging that if any consideration was given for the transfer of the property in the purported sales, it was less than the true value thereof, making the transactions still subject to collation. In responding, Mrs. Hebert answered that if the amounts paid were not adequate consideration, then the value of services performed by her for the decedent and his wife exceeded the value of the property received. After trial on the merits, the trial court rendered the judgment complained of herein.
On this appeal, there are three separate transactions that are in dispute: First, the purported cash sale from the deceased to Yvette Hebert on September 11, 1966; second, the purported cash sale to Ray Marcel on August 5, 1966; and third, the purported cash sale to Mr. and Mrs. Daigle.

Wilson Marcel-Yvette Marcel Hebert cash sale, September 11, 1966

The record reflects that by an instrument referred to as a cash sale, Wilson Marcel purported to sell to his daughter, Yvette Hebert. The act of sale recited that a cash consideration of $9,000.00 was paid by the purchaser to the seller. In considering this transaction, the trial judge found:
“In an effort to establish such proof as regards the sale of property by the decedent to Yvette Marcel Hebert on September 11, 1966, the petitioners presented certain discrepancies in the receipts signed by the decedent and circumstances surrounding the issuance of checks by Yvette Marcel Hebert to the decedent. The Court finds that the evidence and testimony taken on a whole reveals that the plaintiffs have failed to meet the burden of proof required by the law to allow for a finding that the sale was in fact a donation. Therefore, the Court finds that the transfer of property was a sale and therefore not subject to collation.”
We disagree with this finding of the trial court. We believe that the lower court erred in its placing of the burden of proof on the plaintiffs. When plaintiffs established a prima facie case, the burden then shifted to the defendant to establish the reality of the sale. Johnston v. Bearden, 127 So.2d 319 (La.App. 2 Cir.1961), cert, den. April 24, 1961. When called on cross-examination, Mrs. Hebert admitted that on the date the purported act of sale was executed she did not pay $9,000.00 cash to her father as the deed recited. She claimed to have paid him $700.00 “after everybody had left after the sale.” She testified that she did actually pay the entire amount of the recited consideration ($9,000.00) over a period of seven years. She produced various cash receipts and several cancelled checks which she claimed represented payments to her father for the property involved in the transaction. She admitted, and the record establishes, that her father earlier donated a lot to her. The cash receipts were written out by Mrs. Hebert and signed by her father. As to the checks, it appears from her testimony that each time she gave her father a check, she also took him to the bank to cash it. Mrs. Hebert’s bank statement for September 13, 1972 is noteworthy in that on August 22, 1972, her account showed a balance of $1093.91 and on August 25th, a balance of $893.91, yet on August 23, 1972, she issued a check to Wilson Marcel in the amount of $3,000.00. Then on August 24th there is a check which was deposited in her account on August 28, 1972. Again on December 18,1972, there is a check from Mrs. Hebert in the amount of $1,000.00 to her father, and on the same date, a check from Wilson Marcel to Yvette M. Hebert. On August 20, 1973, there is a check of $1,000.00 to Wilson Marcel, endorsed by him, and then endorsed by Mrs. Hebert, who admitted cashing it. It is significant that Mrs. Hebert’s husband, Joseph Hebert, who was present when several of the receipts were signed, never saw his wife pay her father any money. The way the receipts were made out and the way the checks were handled lead us to believe that Yvette Marcel Hebert was not actually pay *414 ing the price to her father on the purported sale. Taking the evidence as a whole, we believe that Mrs. Hebert has failed to prove that the transaction between her and her father, Wilson Marcel, was a sale.
Nevertheless, the fact that we find that the transaction between Mrs. Hebert and her father was not a sale does not necessarily mean that the transaction must fall, or be characterized as a disguised donation. See Owen v. Owen, 336 So.2d 782 (La.1976). Rather than the disguised donation which appellants contend that it is, we believe the evidence establishes that the transaction is an onerous donation. The facts are that Mrs. Hebert agreed to take care of her parents and a grandmother (Mr. Marcel’s mother), as consideration for the transfer of the subject land to her by her father. The transaction is onerous in that Mrs. Hebert received the land for services rendered and to be rendered in taking care of her grandparent and parents, and for expenses incurred by her in connection with their care. She also agreed to give up some of her business engagements and to move near her parents. The evidence establishes that she did take care of the grandparent during the final illness, at her father’s request, over a period of about a year. Mrs. Hebert also sacrificed furthering her education in nursing at her father’s request to take care of his mother. The evidence in this case favoring an onerous donation is certainly as strong as, if not stronger, than that in the case of Blossman v. Olsen, 365 So.2d 545 (La.App. 1 Cir.1978), writ denied, 365 So.2d 1374 (La.1978), where this Court held the transaction to be an onerous donation. In Blossman, the evidence showed that the daughter had cared for her mother during the last three years of the mother’s life, and that the property had been transferred to the daughter to induce her to come and live with her mother.
The assumption of the obligation for support and care is a valid and valuable consideration. We conclude that the consideration paid for the property which Mr. Marcel conveyed to his daughter was adequate, and that the act of sale was not a simulation or disguised donation. See Russell v. Culpep-per, 344 So.2d 1372 (La.1977). We further find that the value of the services contemplated by the conveyance and rendered by the transferee to the grandmother and both parents exceeded the value of the property conveyed. The evidence establishes that the value of the land conveyed did not manifestly exceed that of the charges imposed on the transferee. LSA-C.C. art. 1524. There is no proof that the value of the property conveyed to Mrs. Hebert exceeded by one-half the value of the services she rendered. See LSA-C.C. art. 1526; Manuel v. Hebert, 236 So.2d 880 (La.App. 3 Cir.1970). The charges imposed on Mrs. Hebert of support of the grandparent and parents, with the proof that such charges were fulfilled over a long period of time, sustains our conclusion that the contract was an onerous donation; and, hence, not subject to collation, or to any of the rules of the gratuitous donation. We find that Mrs. Hebert is entitled to be recognized as owner of the property conveyed to her by her father. Quinn v. Stafford, 357 So.2d 628 (La.App. 1 Cir.1978); Succession of Dickens v. Huey, 217 So.2d 228 (La.App. 2 Cir.1968).

Wilson Marcel-Ray Marcel cash sale, August 5, 1966

We agree with the trial court that the evidence establishes that the transfer of property from Wilson Marcel to his son, Ray Marcel, was a cash sale. The act recites that a cash consideration of $2,000.00 was paid by the vendee. Plaintiffs rely on LSA-C.C. art. 2444 to attack the sale as being a donation in disguise. While the evidence shows that the vendee did not actually pay the consideration at the time of the transaction, as the deed recites, there is proof in the record, accepted by the trial judge, that Ray Marcel did pay the full purchase price of the property sold to him. Ray Marcel testified that he paid his father $2,000.00 cash on August 15,1966, some ten days after the sale, and that his father gave him a receipt for the payment. The payment was made in the presence of Mr. and Mrs. Joseph Hebert, each of whom corroborated the testimony of Ray Marcel that he paid the purchase price to his father on *415 August 15th. As stated above, the record reflects that the judge found that Ray Marcel actually paid the $2,000.00. His factual finding is entitled to great weight, especially where the credibility of witnesses is involved, and his conclusions as to the facts will not be disturbed unless found to be clearly erroneous. Russell v. Culpepper, supra.

Marcel-Daigle cash sale, February 12, 1970

The sale made by Wilson Marcel to Mr. and Mrs. Daigle is attacked on the ground that the price paid was less than one-fourth of the value of the" property. The trial judge found, in considering this transaction:
“The sale made by the decedent to Jeanne Marcel Daigle and Robert J. Dai-gle is attacked by petitioners on the grounds that the price paid was less than one-fourth the value of the property. The Court finds that the condition of the property at the time of the sale was such as to make its value substantially less than that of a property of equal size in the same area but in better condition. The Court therefore finds that the consideration paid for this property was adequate in light of the circumstances and therefore not collatable.”
We agree with this finding. The record reflects that this parcel of land was very low, subject to flooding, and was undeveloped at the time of its acquisition. It was used as a dumping ground for other parts of the subdivision and the area. The record shows that the Daigles spent much time, money, and labor to improve the property so that it was put in usable condition. The trial court found that the Daigles paid an adequate price for the tract in question in the condition in which it was at the time of the conveyance. The evidence supports this finding.

Reduction of donations mortis causa

The appellants have also raised the question of reduction of the donations mortis causa to Robert Marcel, Ray Marcel, and Yvette Marcel Hebert. The total value of the gross estate left by Wilson Marcel, as shown by the inventory, is $55,950.38. After deducting privileged debts, administrative costs and inheritance taxes, the net estate has a value of $47,415.44. The donation of January 8, 1969, to Thomas Marcel, valued at $4,725.00, and the donation of June 19, 1972, to Yvette Marcel Hebert, valued at $3,270.00, must be added to the net figure giving a total value of the estate of $55,410.44. The disposable portion of the decedent’s estate, based upon eight children, is one-third of $18,470.14. The forced portion is then $36,940.30. Using this figure, the legitime of each of the eight children amounts to $4,617.53. The residuum of the estate (the estate remaining after the particular legacies to Robert Marcel, Ray Marcel and Yvette Marcel Hebert)[3] amounts to $24,197.94. Since three of the children (Robert, Ray and Yvette) have already received their portions, the residuum needs only to be divided five ways. By dividing the sum of $24,197.94 into five parts, we get the sum of $4,839.58, which amount exceeds the sum due each of these children as his or her legitime. Accordingly, we find that the residual portion of the estate exceeds the forced portion so that there is no impingement on the legitime, and it is unnecessary to reduce the testamentary bequests.
For the reasons assigned, we affirm the judgment appealed at appellants’ costs.
AFFIRMED.

. Pending the action, one of the original plaintiffs died and his succession representative, Rosemary Bourgeois Marcel, was substituted as a party plaintiff.

. Yvette Marcel Hebert was sued individually and as executrix of the Succession of Wilson Marcel, deceased.

. The lot to Robert Marcel is valued at $4,700.00, the lot to Ray Marcel is also valued at $4,700.00. The tract of land to Mrs. Hebert is valued at $21,812.50. The obligation to collate is not applicable to donations mortis causa. Succession of Meyer, 198 La. 53, 3 So.2d 273 (1941); Jordan v. Filmore, 167 La. 725, 120 So. 275 (1929).